ORIGINAL

Evan Spelfogel
Epstein Becker & Green
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendant

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- X

LUANN P. GOULD,
                             Plaintiff,

                    05 CV _____ ( )( )

   – against –

LUCENT TECHNOLOGIES, INC.

                             Defendant.

SUPERIOR COURT, ESSEX
COUNTY, COMMONWEALTH
OF MASSACHUSETTS
C.A. No. ESCV2005-00500-C

------------------------------------- X  11118 PBS

**NOTICE OF REMOVAL**
                                        MAGISTRATE JUDGE Bowler

Defendant Lucent Technologies Inc. ("Lucent"), by its attorney Evan J. Spelfogel

of Epstein Becker & Green, P.C., files this Notice of Removal of the above-captioned action

presently pending in Superior Court, Essex County, Commonwealth of Massachusetts ("State

Action") pursuant to 28 U.S.C. §§ 1441 and 1446. The grounds for removal are as follows:

1.    On information and belief, Plaintiff, Luann P. Gould, commenced the

State Action on or about March or April 2005, by filing a Complaint in Superior Court, Essex

County, Commonwealth of Massachusetts, captioned Luann P. Gould v. Lucent Technologies,

Inc., C.A. No. ESCV2005-00500-C.

2.    Lucent first received notice of the State Action on or about May 11, 2005,

when it received a copy of the Summons and Complaint.

3.    Copies of the Summons and Complaint, which constitute all of the

processes and pleading to date, are annexed hereto as Exhibit A.

NY:555855v1

### A.    Federal Question Jurisdiction Under 28 U.S.C. § 1331

4.    The crux of Plaintiff's Complaint centers around allegations that, inter alia, Lucent violated the federal Family Medical Leave Act ("FMLA"), 29 U.S.C.A. § 2601 et. seq., by denying her request for leave under the FMLA and subsequently terminating her employment for excessive absenteeism.

5.    Because the Complaint raises claims under the laws of United States, over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1441, the State Action is removable from the Essex County Superior Court to this Court.

6.    This Court has supplemental jurisdiction over plaintiff's state law and common law claims pursuant to 28 U.S.C. §1367 because the Complaint's remaining allegations are so related to the claims in the action within this Court's original jurisdiction that they form a part of the same case or controversy.

### B.    Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

7.    Plaintiff resides at 14 Billy's Way, Danville, New Hampshire.    *See* Paragraph 2 of the Complaint.

8.    Lucent is a Delaware corporation with its principal place of business located in New Jersey.

9.    Pursuant to 28 U.S.C. § 1332(a)(1), there exists complete diversity of citizenship of the parties. There are no other parties to the case whose citizenship is at issue under 28 U.S.C. § 1332.

10.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.    Whether the amount in controversy is met for purposes of diversity jurisdiction depends on the claims of the named plaintiffs in their complaint. *Rosen v. Chrysler Corp.* 205 F.3d 918, 920-21 (6th Cir. 2000). The allegations in the Amended Complaint make it clear that Plaintiff's claims put more than $75,000 in controversy, exclusive of interest and costs:

a.    Plaintiff alleges that Lucent (a) violated the FMLA, 29 U.S.C.A. § 2601 et. seq. and the Small Necessities Leave Act ("SNLA"), M.G.L. c. 149 s. 52D, (b) wrongfully terminated Plaintiff's employment against public policy, and (c) negligently and intentionally inflicted emotional distress upon Plaintiff.

b.    For these alleged violations and unlawful acts, Plaintiff seeks (a) lost pay and benefits dating back to August 1, 2003; (b) treble damages under the FMLA and the SNLA; and (c) attorneys' fees, interests and costs of the suit.

12.    By filing this notice, Lucent does not waive any defenses which may be available to it.

13.    This Notice of Removal is filed within the time provided by 28 U.S.C. §1446(b) and the Federal Rules of Civil Procedure.

14.    Lucent has not yet answered or otherwise replied to the Summons and Complaint filed in the State Court action, nor has its time to respond expired.

15.    Upon filing of this Notice of Removal, Lucent shall give written notice to Plaintiff's attorney, Linda A. Harvey, Esq., Harvey & Kleger, 184 Pleasant Valley Street, Methuen, MA 01844, and Lucent shall file copies of said Notice of Removal with the Clerk, Superior Court, Essex County, Commonwealth of Massachusetts.

WHEREFORE, Lucent removes the above-captioned action now pending against it in Superior Court, Essex County, Commonwealth of Massachusetts, to the United States District Court for the Massachusetts, wherein it shall proceed as originally commenced therein.

Dated:    May __26__, 2005

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By: _____
       Evan J. Spelfogel

250 Park Avenue
New York, New York 10177-1211
(212) 351-4500

*Attorneys for Defendant Lucent Technologies Inc.*

TO:    Linda A. Harvey, Esq.
       Harvey & Kleger
       184 Pleasant Valley Street
       Methuen, MA 01844

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.

.......................................... Gould ..................................................................., Plaintiff(s)

v.

.............................. Lucent Technologies, Inc. ..................., Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon _____ Attorney Linda A. Harvey _____,

plaintiff's attorney, whose address is __184 Pleasant Valley Street, Methuen, MA__ an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

__Lawrence Superior Ct__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the
day of                                  , in the year of our Lord two thousand

5/10/05

Thomas H. Driscoll Jr.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

ESSEX, ss.

SUPERIOR COURT
C.A. No. ESCV2005-00500-C

|  |  |
|---|---|
| LUANN P. GOULD,<br>  Plaintiff, | ) )<br>) |
| v. | )<br>) |
| LUCENT TECHNOLOGIES, INC.,<br>  Defendant. | ) )<br>)<br>) |

### COMPLAINT AND JURY DEMAND

The plaintiff, Luann P. Gould ("Gould") hereby respectfully submits her

Complaint against the Defendant, Lucent Technologies, Inc., ("Lucent") and Gould's

demand for a trial by jury of all issues so triable.

### Nature of Complaint

1.  This is an action by Gould against her former employer, Lucent Technologies,

Inc. for violating provisions of the Family and Medical Leave Act (FMLA)

and the Small Necessities Leave Act (SNLA). Lucent denied Gould's

qualifying requests for leave under FMLA. Shortly thereafter, Lucent

terminated Gould on August 1, 2003 for excessive absenteeism. This

Complaint includes counts for violations of the FMLA and SNLA; retaliation

under the FMLA and SNLA; wrongful termination against public policy;

negligent infliction of emotional distress; and intentional infliction of

emotional distress.

## Parties

2. Luann P. Gould ("Gould") is an individual residing at 14 Billy's Way, Danville, New Hampshire.

3. Lucent Technologies, Inc. ("Lucent") is a corporation having a usual place of business at 1600 Osgood Street, North Andover, Essex County, Massachusetts.

## Facts

4. Gould was hired to work at Lucent on October 16, 1979. Gould worked at Lucent continuously until she was terminated on August 1, 2003.

5. Gould's daughter, Shelby Gould, was born on July 22, 1997. In 1997, Gould suffered from kidney failure due to her pregnancy.

6. On August 6, 1997, Gould was hospitalized for conjunctive heart failure.

7. In 1998, Gould had kidney surgery.

8. Gould was absent from work for extensive periods of time from 1996 through 1998 due to her pregnancy, health complications, and surgery.

9. Gould requested and was approved for FMLA time off from work during these years.

10. Despite the FMLA leave time granted, Gould was written up under Lucent's absenteeism policy because her medical conditions required she be out of work for more than 12 weeks each year during the years 1996, 1997, and 1998.

11. In all relevant years, Lucent used an absenteeism policy for any given year which involved counting absences for the prior three years, irregardless of whether the absences were due to serious medical conditions.

12. Lucent's absenteeism policy involved a probationary rating system of Level 1 (best) to Level 5 (worst).

13. For the period March 3 through March 28, 2003, Gould requested and received FMLA leave.

14. On May 5 through May 7, 2003, Gould requested FMLA leave because she needed to take her daughter, age 5, to a medical appointment. Gould's daughter was diagnosed with chicken pox, was contagious, needed care, and could not be left in daycare.

15. Gould's request for leave was not foreseeable on May 5, 2003, and Gould provided notice as soon as practicable.

16. Gould is a single mother, and is the sole caregiver for her daughter.

17. Gould was eligible for FMLA time off for her daughter's chicken pox in May, 2003.

18. Gould was concurrently eligible for time off from work under the Mass. Small Necessities Leave Act (SNLA).

19. No one from Lucent notified Gould that she was eligible for SNLA time off.

20. On July 7, 2003, Gould's daughter had an eye infection, required a doctor's visit, and required antibiotic ointment. Gould's daughter had conjunctivitis, which is highly contagious.

21. Gould's request for leave on July 7, 2003 was not foreseeable.

3

22. Gould contacted her supervisor, Pyong Deletis, at Lucent and advised her about the doctor's visit for her daughter, the treatment, and that her daughter was contagious for 24 hours.

23. As Gould was the only person available to care for her daughter, she told Deletis she would need to stay home on July 7, 2003.

24. On July 7, 2003, Peggy Blumer, Benefits Manager at Lucent denied Gould's prior request for FMLA leave for May 5-7, 2003.

25. Gould returned to work on July 8, 2003.

26. Gould submitted FMLA paperwork to Lucent on July 14, 2003 for July 7, 2003.

27. Gould's request for FMLA time off for July 7, 2003 was denied in late July.

28. The 2 denials of FMLA time off resulted in Gould' termination on August 1, 2003 due to unauthorized absences.

29. As of August 1, 2003, Gould had accrued 4 hours of vacation time.

30. Blumer denied Gould's request for FMLA time off in May and July, 2003 because "Childhood illness does not qualify under FMLA, unless there are complications."

31. Blumer told Gould's supervisor that she (Blumer) would have denied Gould's prior requests for FMLA time off in March, 2003 that had been approved by others in Lucent's benefits office.

## Count I

## Violation of Family and Medical Leave Act

4

32. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

33. Lucent was a qualified FMLA employer.

34. Gould was an eligible FMLA employee for the calendar year 2003.

35. Gould had approximately 8 weeks of FMLA time remaining in 2003, after approved time taken in March, 2003.

36. Lucent's denial of FMLA time off for May, 2003 and July, 2003 was unfounded and erroneous.

37. Lucent's denial of FMLA time off directly resulted in its decision to terminate Gould on August 1, 2003.

## Count II

## Violation of M.G.L. c. 149 s. 52D (SNLA)

38. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

39. Lucent was a qualified SNLA employer.

40. Gould was a qualified SNLA employee.

41. Gould was eligible for up to 24 hours of leave in calendar year 2003 in order to accompany her daughter to routine medical or dental appointments, such as checkups of or vaccinations.

42. Under the SNLA, Lucent was required to afford up to 24 hours of leave time to Gould even if Gould did not request it under the statute's name.

43. Lucent did not advise Gould of her rights to time off under the SNLA.

5

44. Lucent denied FMLA time off to Gould, which would have qualified as SNLA time off.

45. Lucent never offered SNLA time off to Gould.

46. Lucent's preclusion of Gould taking SNLA time off violated the SNLA and directly led to Gould's termination on August 1, 2003.

## Count III

### Retaliation under the FMLA

47. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

48. Lucent's Benefits Manager erroneously denied Gould's requests for FMLA time off.

49. Lucent Managers changed Gould's absenteeism status from Level 4 to Level 5 after the denial of FMLA time off.

50. Gould was terminated on August 1, 2003, shortly after Lucent's denial for time off for July 7, 2003.

51. Lucent refused to reconsider its position at a grievance hearing held after Gould's termination.

52. Lucent retaliated against Gould for attempting to take time off under the FMLA, despite her eligibility.

## Count IV

### Retaliation under the SNLA

53. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

6

54.    Lucent's Benefits Manager erroneously did not consider Gould's requests for leave under the Small Necessities Leave Act (SNLA).

55.    Gould was terminated on August 1, 2003, shortly after Lucent's denial of time off for July 7, 2003 and May 5-7, 2003..

56.    Lucent refused to reconsider its position at a grievance hearing held after Gould's termination.

57.    Lucent retaliated against Gould for attempting to take time off under the SNLA, despite her eligibility.

58.    Lucent's preclusion of Gould taking SNLA time off violated the SNLA and led to Gould's termination on August 1, 2003.

### Count V

### Wrongful Termination Against Public Policy

59.    Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

60.    Gould was terminated for excessive absenteeism.

61.    The absences which directly resulted in Gould's termination were absences on May 5-7, 2003 and July 7, 2003.

62.    Gould requested time off under the FMLA, and submitted paperwork and documentation to secure approval from Lucent for her absences from work.

63.    Lucent erred, and did not approve May 5-7, 203 and July 7, 2003 as qualifying time off under the FMLA or the SNLA.

64.    By requesting the time off for valid reasons, Gould attempted to assert a legally guaranteed right.

7

65. Gould was terminated for attempting to assert a legally guaranteed right under state law and federal law.

66. Gould has been harmed by Lucent's unlawful termination.

## Count VI

### Negligent Infliction of Emotional Distress

67. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

68. Lucent was negligent in deciding whether Gould's requested time off qualified under the FMLA or the SNLA.

69. Lucent's negligence caused Gould severe emotional distress.

70. Gould's emotional distress either caused or was caused by physical harm or injury.

71. Gould's physical harm or injury was manifested by objective symptomatology, such as nausea, head aches, stomach aches, increased anxiety, and sleeplessness.

72. The emotional distress was foreseeable, i.e., a reasonable person would have suffered emotional distress under the same circumstances.

## Count VII

### Intentional Infliction of Emotional Distress

73. Gould hereby repeats and incorporates herein by reference each and all of the allegations set forth above.

8

74. Lucent acted in an extreme or outrageous manner in its personnel dealings with Gould.

75. Lucent intended to cause emotional distress or should have known that emotional distress was likely to occur.

76. Gould's emotional distress was severe such that no reasonable person could be expected to endure it.

77. Lucent's actions resulted directly in Gould's severe emotional distress.

WHEREFORE, Gould respectfully prays that this Honorable Court enter judgment as follows:

1. For Gould's damages including lost pay and benefits since August 1, 2003;

2. For treble damages, under the FMLA and the SNLA, plus Gould's reasonable attorneys' fees, interest, and costs of suit; and

3. Granting Gould such other and further relief as may be just and appropriate.

## JURY DEMAND

Pursuant to Rule 38 of the Massachusetts Rules of Civil Procedure and all other applicable law, Gould claims a trial by jury as to all counts and issues so triable.

LUANN P. GOULD

By her attorney,

9

Linda Harvey

Dated:

ORIGINAL

05    11118 P

**CIVIL COVER SHEET**

◦JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Luann P. Gold

### DEFENDANTS

Lucent Technologies Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Essex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Linda A. Harvey, Esq.
Harvey & Kiepe
184 Pleasant Valley, Methuen, MA 01844

Attorneys (if Known)  Euan J. Spielfogel
Epstein Becker & Green, P.C.
250 Park Avenue
NY, NY 10177

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC 2601

Brief description of cause:
Alleged Violation of FMLA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE _____    DOCKET NUMBER _____

DATE  5/11/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   LuAnn P. Gel123 v. Wieert Technologies
Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

|   | I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
|---|---|---|---|
| ☒ | II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
|   | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
|   | IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
|   | V. | 150, 152, 153. | |

# 05 - 11118 PBS

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES [ ]     NO [☒]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)

YES [ ]     NO [☒]

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES [ ]     NO [☒]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES [ ]     NO [☒]

7. Do all of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES [☒]     NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [☒]        Central Division [ ]        Western Division [ ]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
        residing in Massachusetts reside?

        Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes,
   submit a separate sheet identifying the motions)

YES [ ]     NO [☒]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Evan J. Spelfogel
ADDRESS   Epstein Becker & Green, P.C., 250 Park Avenue, NY, NY
                                                                                    10177
TELEPHONE NO.   (212) 351-4633

(CategoryForm.wpd  - 5/2/05)