Evan J. Spelfogel
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------x
LUANN P. GOULD,

                Plaintiff,

       -- against --

LUCENT TECHNOLOGIES, INC.,

                Defendant.
------------------------------------------------x

05 CV 11118 (PBS)

**ANSWER TO COMPLAINT**

Defendant Lucent Technologies Inc. ("Lucent"), by its attorneys, Evan J. Spelfogel, Epstein Becker & Green, P.C., answers the Complaint as follows:

1. Denies the allegations in Paragraph 1 of the Complaint except admits that (a) Plaintiff purports to bring this action under Family and Medical Leave Act ("FMLA") and the Small Necessities Leave Act ("SNLA"), (b) Plaintiff purports to allege counts for wrongful termination against public policy and negligent and intentional infliction of emotional distress, and (c) Lucent terminated Plaintiff's employment on August 1, 2003.

2. Admits the allegations in Paragraph 2 of the Complaint.

3. Denies the allegations in Paragraph 3 of the Complaint except admits that Lucent is a Delaware corporation with its principal place of business in New Jersey, and has a facility located at 1600 Osgood Street, North Andover, Essex County, Massachusetts.

NY:561595v1

4.   Denies the allegations in Paragraph 4 of the Complaint except admits that Plaintiff was hired to work at Lucent on October 16, 1979 and her employment was terminated on August 1, 2003.

5.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint except admits that Plaintiff was absent from work for extensive periods of time from 1996 through 1998.

9.   Admits the allegations in Paragraph 9 of the Complaint.

10.   Denies the allegations in Paragraph 10 of the Complaint except admits that Plaintiff was disciplined under Lucent's absenteeism policy for excessive absences that were not covered under the FMLA.

11.   Denies the allegations in Paragraph 11 of the Complaint.

12.   Denies the allegations in Paragraph 12 of the Complaint except admits that Lucent has five levels under its Absence Control Plan.

13.   Admits the allegations in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint except admits that Plaintiff requested FMLA leave for the period May 5 through May 7, 2003.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Denies the allegations in Paragraph 17 of the Complaint.

18. Denies the allegations in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint except admits that Plaintiff contacted Pyong Deletis ("Ms. Deletis") and informed her that Plaintiff's daughter had conjunctivitis and was contagious.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint except admits that Plaintiff told Ms. Deletis that she would need to stay home on July 7, 2003 to care for her daughter.

24. Denies the allegations in Paragraph 24 of the Complaint except admits that on July 7, 2003 Peggy Blumer, former Disability Nurse Manager, denied Plaintiff's request for FMLA leave for the period May 5 through May 7, 2003.

25. Admits the allegations in Paragraph 25 of the Complaint.

26. Denies the allegations in Paragraph 26 of the Complaint except admits that Plaintiff submitted FMLA paper work to Lucent in July 2003.

27. Admits the allegations in Paragraph 27 of the Complaint.

28. Denies the allegations in Paragraph 28 of the Complaint except admits that Plaintiff's employment was terminated on August 1, 2003.

29. Admits the allegations in Paragraph 29 of the Complaint.

30. Denies the allegations in Paragraph 30 of the Complaint and respectfully refers the Court to correspondence between Plaintiff and Lucent regarding Plaintiff's requests for FMLA leave.

31. Denies the allegations in Paragraph 31 of the Complaint.

32. Repeats and incorporates by reference its responses to the allegations in Paragraphs 1-31 of the Complaint.

33. Denies the allegations in Paragraph 33 of the Complaint.

34. Denies the allegations in Paragraph 34 of the Complaint except admits that Plaintiff qualified for and received FMLA leave for the period March 3 through March 28, 2003.

35. Denies the allegations in Paragraph 35 of the Complaint except admits that Plaintiff would have been eligible to receive approximately eight weeks of FMLA leave had she qualified for such leave under the FMLA.

36. Denies the allegations in Paragraph 36 of the Complaint.

37. Denies the allegations in Paragraph 37 of the Complaint.

38. Repeats and incorporates by reference its responses to each of the allegations set forth in Paragraphs 1-37 of the Complaint.

39. Denies the allegations in Paragraph 39 of the Complaint.

40. Denies the allegations in Paragraph 40 of the Complaint.

41. Denies the allegations in Paragraph 41 of the Complaint.

42. Denies the allegations in Paragraph 42 of the Complaint.

43. Denies the allegations in Paragraph 43 of the Complaint.

44. Denies the allegations in Paragraph 44 of the Complaint.

45. Denies the allegations in Paragraph 45 of the Complaint.

46. Denies the allegations in Paragraph 46 of the Complaint.

47. Repeats and incorporates by reference its responses to allegations set forth in Paragraphs 1-46 of the Complaint.

48. Denies the allegations in Paragraph 48 of the Complaint.

49. Denies the allegations in Paragraph 49 of the Complaint except admits that Plaintiff's status changed from Level 4 to Level 5.

50. Denies the allegations in Paragraph 50 of the Complaint except admits that Plaintiff's employment was terminated on August 1, 2003.

51. Admits the allegations in Paragraph 51 of the Complaint.

52. Denies the allegations in Paragraph 52 of the Complaint.

53. Repeats and incorporates by reference its responses to the allegations set forth in Paragraphs 1-52 of the Complaint.

54. Denies the allegations in Paragraph 54 of the Complaint.

55. Denies the allegations in Paragraph 55 of the Complaint.

56. Denies the allegations in Paragraph 56 of the Complaint.

57. Denies the allegations in Paragraph 57 of the Complaint.

58. Denies the allegations in Paragraph 58 of the Complaint.

59. Repeats and incorporates by reference its responses to each of the allegations set forth in Paragraphs 1-58 of the Complaint.

60. Admits the allegations in Paragraph 60 of the Complaint.

61. Denies the allegations in Paragraph 61 of the Complaint.

62. Admits the allegations in Paragraph 62 of the Complaint.

63. Denies the allegations in Paragraph 63 of the Complaint.

64. Denies the allegations in Paragraph 64 of the Complaint.

65. Denies the allegations in Paragraph 65 of the Complaint.

66. Denies the allegations in Paragraph 66 of the Complaint.

67. Repeats and incorporates by reference its responses to each of the allegations set forth in Paragraphs 1-66 of the Complaint.

68. Denies the allegations in Paragraph 68 of the Complaint.

69. Denies the allegations in Paragraph 69 of the Complaint.

70. Denies the allegations in Paragraph 70 of the Complaint.

71. Denies the allegations in Paragraph 71 of the Complaint.

72. Denies the allegations in Paragraph 72 of the Complaint.

73. Repeats and incorporates by reference its responses to each of the allegations set forth in Paragraphs 1-72 of the Complaint.

74. Denies the allegations in Paragraph 74 of the Complaint.

75. Denies the allegations in Paragraph 75 of the Complaint.

76. Denies the allegations in Paragraph 76 of the Complaint.

77. Denies the allegations in Paragraph 77 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

78. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

79. Plaintiff did not qualify for FMLA leave for the period May 5 through 7, 2003.

### THIRD AFFIRMATIVE DEFENSE

80. Plaintiff did not qualify for SNLA leave for the period May 5 through 7, 2003.

### FOURTH AFFIRMATIVE DEFENSE

81. Plaintiff did not qualify for FMLA leave on July 7, 2003.

### FIFTH AFFIRMATIVE DEFENSE

82. Plaintiff did not qualify for SNLA leave on July 7, 2003.

### SIXTH AFFIRMATIVE DEFENSE

83. Treble damages are not available under the FMLA.

### SEVENTH AFFIRMATIVE DEFENSE

84. Treble damages are not available under the SNLA.

### EIGHTH AFFIRMATIVE DEFENSE

85. Plaintiff's claims are barred in whole or part by the applicable time periods and/or statutes of limitations.

## NINTH AFFIRMATIVE DEFENSE

86. All actions taken with regard to Plaintiff, including but not limited to decisions regarding the termination of her employment, were based on legitimate, non-discriminatory business reasons and job-related factors.

## TENTH AFFIRMATIVE DEFENSE

87. At all times material to this action Lucent acted lawfully and in good faith and without any intent to deny Plaintiff any rights under federal, state or local law.

## ELEVENTH AFFIRMATIVE DEFENSE

88. Plaintiff was an employee-at-will.

## TWELFTH AFFIRMATIVE DEFENSE

89. Plaintiff claims are barred by grievance and arbitration procedures contained in an applicable collective bargaining agreement between Lucent and a union that represented Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred by the doctrine of res judicata.

## FOURTEENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred because she failed to exhaust her administrative remedies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

94. Plaintiff's claims are barred under the election of remedies doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

95. Plaintiff has failed to mitigate her alleged damages.

## NINETEENTH AFFIRMATIVE DEFENSE

96. Some or all of Plaintiff's other requests for damages and/or attorneys' fees are not recoverable.

WHEREFORE, Defendant Lucent respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety with prejudice; award Defendant costs and fees incurred in defending this action, including reasonable attorneys' fees, and grant such other and further relief as this Court deems just and proper.

EPSTEIN BECKER & GREEN, P.C.

By: _____
Evan J. Spelfogel

250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendant Lucent Technologies Inc.

Dated: June 6, 2005