UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUANN P. GOULD,

                                    Plaintiff,

            – against –

LUCENT TECHNOLOGIES, INC.,

                                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 11118 (PBS)

(ECF FILING)

**AFFIDAVIT OF BRIAN AHERN IN
SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY
<u>JUDGMENT</u>**

STATE OF MASSACHUSETTS     )
                           ) ss.:
COUNTY OF ESSEX            )

**BRIAN AHERN**, being duly sworn, deposes and says:

1.      I make this Affidavit in support of the Lucent Technology Inc.'s ("Lucent") motion for summary judgment.

2.      I am currently employed by Lucent as a Supervisor – Extreme Department.  As such, I have personal knowledge and information of the facts and circumstances set forth in this Affidavit.

3.      On May 5-6, 2003, Plaintiff Luann Gould ("Plaintiff") missed two days of work.  Plaintiff claimed that these May absences were taken pursuant to the FMLA and, therefore, were exempt.

4.      On May 7, 2003, I informed Plaintiff that she needed to provide FMLA documentation within 15 days in order to qualify her May absences as FMLA leave.  I further told her that she would progress to Level IV under Lucent's Absence Control Plan ("ACP") if

Plaintiff's leave failed to qualify under the FMLA, as this two day absence (if non-exempt) placed Plaintiff over her four day allotment.

5.     While Plaintiff provided Lucent with FMLA paperwork, it failed to establish any "serious health condition" under the FMLA. As a result, Lucent: (i) disqualified Plaintiff's May 5-6, 2003 leave under the FMLA, and (ii) progressed Plaintiff to Level IV under the ACP, for which she received a final warning.

6.     On July 7, 2003, Plaintiff missed an additional day of work.

7.     The following day, on July 8, 2003, I, along with Steve Sickel and Pyong Deletis, met with Plaintiff to discuss her May absences. Plaintiff was informed that she needed to contact her medical provider to resolve the status of her May leave. She was further informed that if she could not successfully demonstrate that her May leave qualified under the FMLA, and overturn Lucent's prior determination concerning this leave, she would progress to Level V for her subsequent July 7 non-exempt absence, which could result in termination of her employment.

8.     Plaintiff failed to provide any sufficient documentation qualifying either her May and/or July 2003 absences under the FMLA. As a result, she was placed on Level V and subsequently terminated from Lucent in accordance with the ACP.

**WHEREFORE**, I respectfully request that the Court grant Defendant's summary judgment motion in its entirety.

Brian Ahern

Sworn to before me this
18th day of August 2006.

Notary Public

