Linda A. Harvey
Robert R. Thomas
Harvey, Kleger & Thomas
184 Pleasant Valley St. – Suite 1-204
Methuen, MA 01844
(978) 686-9800
Attorneys for Plaintiff
Luann Gould

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------- x
Luann Gould,

                    Plaintiff,

      – against –

Lucent Technologies, Inc.,

                    Defendant.
------------------------------------------------- x

05 CV 11118 (PBS)

**PLAINTIFF'S RULE 56.1 STATEMENT**

Pursuant to Rule 56.1 of the Local Rules of the Court for the District of Massachusetts, Plaintiff Luann Gould ("Gould"), by its attorneys, Linda A. Harvey and Robert R. Thomas, hereby submits the following statement of contested material facts as to which Plaintiff contends there are genuine issues to be tried.

## CONTESTED FACTS

1. Shelby Gould's diagnosis and treatment of chicken pox, or rash, suspicious for chicken pox, in May, 2003 qualified as a serious medical condition under the FMLA.

2. Shelby Gould's diagnosis and treatment of conjunctivitis in July 7, 2003 qualified as a serious medical condition under the FMLA.

3. Shelby Gould was incapacitated for more than three consecutive days in May, 2003 while receiving medical diagnosis and treatment for chicken pox.

4. Shelby Gould was incapacitated for more than three consecutive days in July, 2003 while receiving medical diagnosis and treatment for conjunctivitis.

5. Shelby Gould received medical diagnosis and treatment from a licensed medical care provider in May, 2003 and was seen and/or diagnosed on more than one occasion by a medical provider as part of ongoing treatment.

6. Shelby Gould received medical diagnosis and treatment from a licensed medical care provider in July, 2003 and was prescribed a prescription antibiotic ointment as part of her ongoing treatment.

7. Shelby Gould was contagious, or was presumed to be contagious, for a period of time that required her to be quarantined for at least 24 hours, in both May, 2003 and July, 2003.

8. If not treated, Shelby Gould's medical conditions of chicken pox, and conjunctivitis, respectively, posed a serious health problem with serious health consequences for Shelby, and also for the general public.

9. The FMLA certification paperwork for May, 2003 and July, 2003 was sufficient to state or suggest a serious health condition under the FMLA.

10. Lucent did not ask Gould directly to supply information about Shelby's incapacity or length of illness.

11. Lucent did not discuss the availability of SNLA time to be used for Gould's absence in January, 2003 nor for Shelby's illnesses in 2003.

12. Gould was eligible for up to twenty-four hours of SNLA time per year, above and beyond her requested FMLA time.

13. Gould had four hours of paid vacation time pending at the time of her termination.

14. Gould had credit for one day's paid time through an excused work day, at the time of her termination.

15. Gould was not given an ultimate deadline by Lucent by which she had to produce FMLA paperwork.

16. Gould was not provided with notice of Level IV status until after she requested an took July 7, 2003 as an emergency FMLA day.

17. Gould's taking July 7, 2003 off under FMLA was reasonable under the circumstances.

18. Lucent's denial of Gould's FMLA requests were unlawful.

19. The May 5-6 and July 7, 2003 denials of FMLA were meant to discourage Gould's use of FMLA time.

20. Lucent's denials of Gould's requested FMLA time in 2003 were meant to punish Gould.

21. Lucent's termination of Gould was meant to punish Gould for taking too much FMLA time off.

22. Blumer showed a predilection to disqualify Gould for FMLA time in 2003.

23. Blumer erred in her conclusion that "childhood illness requires complications in order to qualify under FMLA."

24. Pyong Deletis believed Gould was not a good worker, and took too much time off.

25. Lucent's reason of excessive absenteeism for Gould's termination was a pretext for taking too much time off under FMLA.

26. The Absence Control Board and Lucent management did not conduct an independent review or ivestigation into Gould's requests for FMLA time.

27. The Absence Control Board terminated Gould when it could have placed her on probation pending an independent review.

28. Gould was penalized at the Level V stage because her past use of approved FMLA time and court time was used against her.

29. Gould's requests for FMLA time was a protected activity under FMLA.

30. There is a causal connection between Gould's requests for FMLA in 2003 and adverse actions taken by Lucent against her.

31. The Absence Control Board decision was not objective.

32. Given the total fact and circumstances, the Absence Control Board knew or should have known that their action of termination would inflict foreseeable severe emotional distress upon Gould.

For clarification purposes, the Plaintiff denies and contests the following facts as stated in Defendant's Rule 56.1 Statement:  Defendant's Paragraphs 27, 28, 29, 30, 34, 44, 49.

          Respectfully Submitted,

          HARVEY, KLEGER & THOMAS

          By:  /s/ Robert R. Thomas

          Linda A. Harvey (547994)
          Robert R. Thomas (639402)
          184 Pleasant Valley St. – Suite 1-204
          Methuen, Massachusetts 01844
          (978) 686-9800
          Attorneys for Plaintiff Luann Gould

Dated: September 18, 2006