UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                    )
LUANN P. GOULD,                     )
        Plaintiff,                  )
                                    )
    v.                              )   CIVIL ACTION NO. 05-11118-PBS
                                    )
LUCENT TECHNOLOGIES, INC.,          )
        Defendant.                  )
                                    )
```

**MEMORANDUM AND ORDER**

October 30, 2006

Saris, U.S.D.J.

　　Plaintiff Luann P. Gould brings this action against the defendant, Lucent Technologies, Inc. ("Lucent"), alleging that Lucent's denial of her request for leave violated the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2612 (2006), and the Massachusetts Small Necessities Leave Act ("SNLA"), Mass. Gen. Laws ch. 149, § 52D (2006), and that her termination was in retaliation for the exercise of her rights under the FMLA and SNLA.  Gould also brings a wrongful discharge claim and claims of intentional and negligent infliction of emotional distress.

　　Lucent has moved for summary judgment on all seven of Gould's counts.

After hearing, the Court rules as follows:

1. The state common law claims (Counts V, VI, and VII) are dismissed by agreement of both parties.

2. The SNLA claims (Counts II and IV) are dismissed because plaintiff failed to file a complaint with the Attorney General within three years of the alleged violation, as required by Massachusetts law. Mass. Gen. Laws ch. 149, § 150 (2006).

3. There is a disputed issue of material fact as to whether Lucent provided Gould with an opportunity to document sufficiently her July 2003 absence because of her daughter's conjunctivitis. Both parties agree that her daughter had conjunctivitis but there is a dispute as to its severity. FMLA regulations provide: "The employer shall advise an employee whenever the employer finds a certification incomplete, and provide the employee a reasonable opportunity to cure any such deficiency." 29 C.F.R. § 825.305(d) (2006). Lucent contends that the documentation to support the child's "serious medical injury" was inadequate, but Lucent failed to provide the opportunity to correct the deficiency. Plaintiff cites evidence that without the July unexcused absence, plaintiff would not have been terminated. Accordingly, the Court **DENIES** the motion for summary judgment on the FMLA claim (Count I). (I add that despite the opportunity to do so, plaintiff failed to properly document the chicken pox claim).

4.    Gould has presented sufficient evidence, specifically the Lucent e-mail expressing concern that she was taking advantage of her FMLA leave, and the sequence of events, to support her claim of retaliatory motive.  Accordingly, the motion for summary judgment on Count III is **DENIED**.

5.    The trial is set for February 5, 2007 at 9:00 AM.

**S/PATTI B. SARIS**
United States District Judge