Evan J. Spelfogel
Robyn Ruderman
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LUANN P. GOULD,                              :
                                             :
                          Plaintiff,         :
                                             :     FILED VIA ECF
          - against -                        :
                                             :     05-CV-11118 (PBS)
LUCENT TECHNOLOGIES, INC.                    :
                                             :
                          Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT'S MOTION FOR RECONSIDERATION</u>**

NY:1431505v1

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... i

PRELIMINARY STATEMENT ............................................................................1

LEGAL STANDARD..............................................................................................2

ARGUMENT    ........................................................................................................3

      POINT I     THE MEDICAL CERTIFICATION REGARDING
                  PLAINTIFF'S JULY 2003 FMLA REQUEST WAS
                  COMPLETE, CLEAR ON ITS FACE, AND DID NOT
                  WARRANT AN OPPORTUNITY TO CURE...............................................3

      POINT II    SHOULD THIS COURT DISMISS PLAINTIFF'S FMLA
                  CLAIM, PLAINTIFF WILL BE UNABLE TO ESTABLISH A
                  CLAIM OF RETALIATION.........................................................................7

CONCLUSION ......................................................................................................7

## TABLE OF AUTHORITIES

### CASES

Acosta Colon v. Wyeth Pharms. Co., No. Civ. 03-2327 DRD, 2006 WL. 508094
(D.P.R. Mar. 1, 2006) ...................................................................................................2

Aubuchon v. Knauf Fiberglas, GMBH, 240 F. Supp. 2d 859 (S.D. Ind. 2003),
aff'd, 359 F.3d 950 (7th Cir. 2004) .............................................................................4, 5

Collins v. Merck-Medco RX Services of Texas, L.L.C., No. 300CV1852-X, 2001
WL. 1142794 (N.D. Tex. Sept. 24, 2001)....................................................................4, 7

Densmore v. Pilgrim's Pride Corp., No. 4:05CV00770-WRW, 2006
WL. 3258259 (E.D. Ark. Nov. 9, 2006) ......................................................................3

DiMarco-Zappa v. Cabanillas, 238 F.3d 25 (1st Cir. 2001) .........................................2

Evans v. Henderson, No. 99 C 8332, 2001 WL. 109771 (N.D. Ill. Feb. 5, 2001)..........7

F.D.I.C. v. World University Inc., 978 F.2d 10 (1st Cir. 1992)......................................2

Jiminez v. Velcro USA, 2002 WL. 337523 (D.N.H. March 4, 2002) ............................6

Nagy v. Tee Vee Toons, Inc., No. 03 Civ. 7838, 2004 WL. 1059512
(S.D.N.Y. May 12, 2004)..............................................................................................7

Nawrocki v. United Methodist Retirement Communities, Inc., No. 05-1058, 2006
WL. 890685 (6th Cir. Mar. 31, 2006)...........................................................................5

Schmittou v. Wal-Mart Stores, Inc., No. Civ. 011763, 2003 WL. 22075763
(D. Minn. Aug. 22, 2003) .............................................................................................7

Shtab v. Greate Bay Hotel & Casino, Inc., 173 F. Supp. 2d 255 (D.N.J. 2001)............6

Sims v. Alameda-Contra Costa Transit District, 2 F. Supp. 2d 1253 (N.D. Cal. 1998).................6

Stoops v. One Call Commc'ns, Inc., 141 F.3d 309 (7th Cir. 1998) .............................4, 5

Trabal Hernandez v. Sealand Services, Inc., 230 F. Supp. 2d 258 (D.P.R. 2002).........2

Washington v. Fort James Operating Co., 110 F. Supp. 2d 1325 (D. Or. 2000).............6

**STATUTES**

29 C.F.R. § 825.305(d) ........................................................................................1, 3

Fed. R. Civ. P. 59(e) .............................................................................................2

## PRELIMINARY STATEMENT

Defendant Lucent Technologies, Inc. ("Lucent") moves for reconsideration of the Court's October 30, 2006 Memorandum and Order ("Order"), entered on November 1, 2006, granting in part and denying in part Lucent's motion for summary judgment ("Motion") on the ground that the Court made erroneous findings of law and overlooked undisputed facts.[1]

In the Order, the Court refused to dismiss Plaintiff's claim that Lucent violated the Family Medical Leave Act ("FMLA") by denying her leave in July 9, 2003 to care for her daughter, who was allegedly home sick one day from school with conjunctivitis. The Court denied this claim solely on the ground that Lucent failed to provide Plaintiff with an opportunity to correct an inadequate medical certification. This medical certification on its face stated that the daughter was not incapacitated for more than three consecutive days. The Court also denied Defendant's Motion to dismiss Plaintiff's retaliatory discharge claim.

An employer is only obligated to provide an employee with an opportunity to "cure" a deficient medical certification if such certification is "incomplete." 29 C.F.R. § 825.305(d). Where, however, the certification is complete, and clearly indicates on its face - as here - that the employee is not entitled to FMLA leave, the employer has a right to rely on such documentation without any further inquiry or investigation.

Here, the undisputed evidence presented to the Court demonstrated that the certification at issue was complete and clear, on its face, that Plaintiff's daughter did not suffer any serious medical condition within the meaning of the FMLA. Accordingly, Lucent was under

---

[1]    Because of the Court's familiarity with this case, Lucent will not burden the Court with another statement of facts or procedural history, and refers the Court to the papers submitted in support of the Motion.

no legal obligation to provide Plaintiff with an opportunity to "cure" or inquire any further, and the Court's holding to the contrary is a manifest error of law. [2]

Should this Court dismiss Plaintiff's FMLA claim upon reconsideration, her retaliation claim should also be dismissed because Plaintiff would then be unable to demonstrate that she engaged in any "protected activity," a required element in a retaliation claim.

For these reasons and those that follow, Defendant's request for reconsideration should be granted.

## LEGAL STANDARD

A motion for reconsideration is governed by Fed. R. Civ. P. 59(e), and should be granted if the moving party establishes "the need to correct a clear error of law or to prevent manifest injustice." Acosta Colon v. Wyeth Pharms. Co., No. Civ. 03-2327 DRD, 2006 WL 508094, at *3 (D.P.R. Mar. 1, 2006) (citation omitted); F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992); Trabal Hernandez v. Sealand Servs., Inc., 230 F. Supp. 2d 258, 259 (D.P.R. 2002) ("These motions should be granted to correct 'manifest errors of law' or to present newly discovered evidence.") (citations omitted); DiMarco-Zappa v. Cabanillas, 238 F.3d 25 (1st Cir. 2001) (noting that Rule 59(e) allows a party to direct the district court's attention to newly discovered evidence or a manifest error of law or fact).

As demonstrated below, Lucent has satisfied this burden.

---

[2]    Given Plaintiff's multiple opportunities to cure incomplete and unclear certification regarding her daughter's May 2003 alleged chicken pox, even well after her termination in July 2003, Plaintiff knew that she could have attempted to qualify her daughter's conjunctivitis as a serious health condition, even if Lucent did not specifically request her to do so.

**ARGUMENT**

**POINT I**

**THE MEDICAL CERTIFICATION REGARDING
PLAINTIFF'S JULY 2003 FMLA REQUEST WAS
COMPLETE, CLEAR ON ITS FACE, AND DID
NOT WARRANT AN OPPORTUNITY TO CURE**

The Court properly dismissed Plaintiff's claim that she was unlawfully denied FMLA leave in May 2003 to care for her daughter who, at that time, allegedly suffered from the chicken pox. In dismissing, the Court relied on the fact that Plaintiff failed to establish that her daughter suffered from a serious health condition despite Lucent giving Plaintiff multiple opportunities to cure incomplete medical certifications over a period of four months. Lucent, the Court said, should have, but did not give Plaintiff the same opportunity to correct her July 10, 2003 certification regarding her daughter's alleged case of conjunctivitis. This was the only reason the Court declined to grant summary judgment and dismiss Plaintiff's claim that she was unlawfully denied FMLA leave in July 2003.

In its Order, the Court properly noted that the FMLA regulations provide:

> "The employer shall advise an employee whenever the employer finds a certification <u>incomplete</u>, and provide the employee a reasonable opportunity to cure any such deficiency." 29 C.F.R. § 825.305(d). (<u>emphasis added</u>).

When the certification is complete and clearly indicates on its face that the employee does not qualify for FMLA leave (otherwise known as "negative certification"), the employer, however, may rely on such certification in denying leave without any further inquiry or investigation. <u>Densmore v. Pilgrim's Pride Corp.</u>, No. 4:05CV00770-WRW, 2006 WL 3258259 (E.D. Ark. Nov. 9, 2006) (an employer is entitled to rely on "negative certification" to

deny leave outright without any further investigation); <u>Stoops v. One Call Commc'ns, Inc.</u>, 141 F.3d 309, 313-314 (7th Cir. 1998) (in denying the employee FMLA leave, the employer was entitled to rely on the employee's doctor's certification that the employee's chronic fatigue syndrome was a serious health condition, but that the employee was not presently incapacitated and would not have to work intermittently or on a reduced work schedule); <u>Collins v. Merck-Medco RX Servs. of Texas, L.L.C.</u>, No. 300CV1852-X, 2001 WL 1142794 (N.D. Tex. Sept. 24, 2001) (employer had a right to rely on negative certification in denying the employee's requested FMLA leave because the "serious health condition" did not render her unable to perform the functions of her job).

The FMLA regulations only require that an employee be given an opportunity to clarify and/or cure if the certification is "incomplete." While an employer has a duty to make further inquiry under some circumstances, it must have some reason to do so. <u>Aubuchon v. Knauf Fiberglas, GMBH</u>, 240 F. Supp. 2d 859 (S.D. Ind. 2003), <u>aff'd</u>, 359 F.3d 950 (7th Cir. 2004). "[W]here the employee provides the employer with a reason for his absence that the employer, based on the physician's certification, knows is not 'qualifying,' the Act and the regulations place no obligation on the employer to grant the employee FMLA leave." <u>Stoops</u>, 141 F.3d at 313.

Unlike Plaintiff's medical certification regarding her daughter's chicken pox, which was indisputably incomplete on its face, the July 10 certification was complete. It unequivocally, on its face, demonstrated that Plaintiff's daughter's alleged case of conjunctivitis did not qualify as a serious medical condition. More specifically, when asked in Section 5a of the FMLA Healthcare Provider's Report to state the approximate date the condition commenced, the probable duration of the condition, and the probable duration of the patient's present

incapacity[3], if different, Plaintiff's medical provider stated that, "Patient needed to be kept home for 24 hours so Luanne Gould needed to miss work on 7/7/02 only." [Exhibit A]  Plaintiff knew that Lucent relied on this negative certification in denying her FMLA.  Yet, Plaintiff never disputed the information contained on the certification, never argued it was incorrect, and never attempted to obtain additional certification, as she had in her contemporaneous endeavors to qualify her daughter's chicken pox as an FMLA qualifying reason.

Based on her doctor's certification, it was clear, and Lucent properly concluded that Plaintiff did not suffer from a serious medical condition.  Lucent had no reason to conduct any further inquiry or seek any further clarification regarding Plaintiff's daughter's medical condition.[4]  "Where an employer properly requests a physician's certification under the FMLA and that certification indicates the employee is not entitled to FMLA leave, the employer does not violate the FMLA by relying upon that certification in the absence of some overriding medical evidence."  Stoops, 141 F.3d at 314.  Neither the District Court of Massachusetts nor the First Circuit has ruled on this issue.

Those few reported cases that suggest a broader definition of "incomplete" typically focus on a discrepancy in the number of days or weeks for which an employee

---

[3]     The FMLA Healthcare Provider's Report defines "incapacity" to mean "inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom."

[4]     The fact that category II is checked off on the July 10 medical certification (suggesting a serious health condition) is of no consequence since other information provided by Plaintiff's daughter's medical provider on the certification conclusively established that Plaintiff's daughter did not suffer from any FMLA qualifying condition (see Exhibit A, Section 5a).  Aubuchon, 240 F. Supp. 2d at 869 (employer had no further duty to inquire about the employee's health condition where the box checked off on the medical certification form suggested that the employee had a serious medical condition, but the rest of the information contained in the certification clearly failed to established any FMLA qualifying condition); Nawrocki v. United Methodist Retirement Cmtys., Inc., No. 05-1058, 2006 WL 890685 (6th Cir. Mar. 31, 2006) (employer was entitled to rely on the face of the certification without further inquiry where, although the medical provider indicated that the employee had a serious health condition, he answered "no" on the medical certification form.

requested FMLA leave and a different number certified by the doctor.  <u>See</u>, <u>Jiminez v. Velcro</u> <u>USA</u>, 2002 WL 337523 (D.N.H. March 4, 2002) (certification held incomplete where it failed to address a number of employee's absences prior to October 27, 2000); <u>Washington v. Fort James</u> <u>Operating Co.</u>, 110 F. Supp. 2d 1325 (D. Or. 2000) (certification held incomplete where it addressed employee's absence only from February 24 until April 6, 1997 and employee was actually absent through April 13, 1997); <u>Sims v. Alameda-Contra Costa Transit Dist.</u>, 2 F. Supp. 2d 1253 (N.D. Cal. 1998) (certification held incomplete where it addressed employee's absence only from April 18 until May 1, 1994 and employee was actually absent through May 3, 1994); <u>Shtab v. Greate Bay Hotel & Casino, Inc.</u>, 173 F. Supp. 2d 255 (D.N.J. 2001) (certification held incomplete where it provided for intermittent leave from May 28 until September 1998 and employee had previously requested FMLA leave from May 23 until June 23, 1998).

      Clearly these cases are distinguishable from Plaintiff's case.  In all of those cases, the employee's medical condition was unequivocally qualified as a "serious health condition" under the FMLA.  Nevertheless, the certifications in those cases were incomplete because the dates on the certifications did not cover the entire period of the FMLA eligible leave.  In Plaintiff's case here, the medical information stated on the certification was complete; and there was no possibility that the conjunctivitis could qualify as a serious health condition, as Plaintiff's daughter was not incapacitated for more than three days.

      Accordingly, the Court should grant summary judgment on this claim.

## POINT II

### SHOULD THIS COURT DISMISS PLAINTIFF'S FMLA CLAIM, PLAINTIFF WILL BE UNABLE TO ESTABLISH A CLAIM OF RETALIATION

Should this Court dismiss Plaintiff's FMLA claim, as a matter of law, Plaintiff cannot establish that she engaged in any protected activity – the first prong of a prima facie retaliation case. Schmittou v. Wal-Mart Stores, Inc., No. Civ. 011763, 2003 WL 22075763 (D. Minn. Aug. 22, 2003); Collins v. Merck-Medco RX Servs., of Texas, L.L.C., No. 300CV1852-X, 2001 WL 1142794 (N.D. Tex. Sept. 24, 2001); see also Nagy v. Tee Vee Toons, Inc., No. 03 Civ. 7838, 2004 WL 1059512 (S.D.N.Y. May 12, 2004); Evans v. Henderson, No. 99 C 8332, 2001 WL 109771 (N.D. Ill. Feb. 5, 2001) (denying plaintiff's retaliation claim because employee could not establish protected activity status for the care of his sick children, who had the chicken pox).

Accordingly, upon reconsideration, Plaintiff's retaliation claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Lucent respectfully requests reconsideration of the Order. Lucent requests that, upon reconsideration, the Court issue an order dismissing Plaintiff's claims in their entirety, and such other and further relief as the Court deems appropriate.

Dated: November 20, 2006

EPSTEIN BECKER & GREEN, P.C.

By:    s/Robyn Ruderman
       Evan J. Spelfogel (474440)
       Robyn Ruderman
       (Admitted Pro Hac Vice)
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendant

**EXHIBIT A**

LT-FMLA-1
(5/98)
page 1 of 2

## Family and Medical Leave of Absence (FMLA) Notification Form

Employee's Name: **Luann P. Gould**

Job Title: **Level 1**   HRID No.: **7718725**

Social Security No.: **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**   Net Credited Service Date: **10-16-79**
Organization Code:

Employee's Work Address (including city and state and zip code): **1600 Osgood St. N.Andover Ma.**   Work Tel. No.: **1-978-960-3514**

Employee's Address During Leave of Absence: **14 Billy's Way Danville NH 03819**   Home/Reach Tel. No.: **1-603-382-3977**

### Family and Medical Leave of Absence Notification

I hereby request a Leave of Absence under the Family and Medical Leave Act of 1993 (FMLA) to begin on **7-7-03** and to continue through **7-8-03**   **7-7-03**
for the following reason. (Check appropriate box below. If request is for intermittent leave or leave on a reduced leave schedule, please indicate proposed schedule below.)

☐ The birth of my child*
☐ Placement with me of a child for adoption or foster care*
☐ Care for a family member** (☐ my spouse, ☐ my parent, ☑ my child - date of child's birth **7-22-97**
☐ My own serious health condition**

     * Proof of relationship required
     ** Form FMLA - 2 must be completed and returned with this form

Proposed intermittent leave or reduced leave schedule: **I need to apply for intermittent leave for illness that may occur in future, to avoid any complications that may arise.**

### To Be Completed By Employee's Supervisor
(Supervisor: Please keep a photocopy of the signed FMLA-1 for your files. Return original form to the employee.)

**2 DAYS PENDING**

☑ Employee has leave entitlement under the FMLA. Total FMLA leave taken during the current 12-month period: **38.2 DAYS**

**Brian Ahern For PYong Deletis DAY SUPERVISOR 978-960-3644**
(Reviewed By) Supervisor's Signature   Job Title: **1600 Osgood St N. Andover, MA 0184**   Tel. No.   Date
**BRIAN AHERN**   Supervisor's Complete Work Address   **30-2-X9**
Type or Print Supervisor's Name

### Review Of Conditions Of Leave Of Absence (See both sides of this form)

I have read and fully understand my rights and responsibilities under the FMLA specified on both sides of this form. I understand that if I do not return to the active payroll at or prior to the end of my leave, my employment will be terminated and the continuity of my service will be broken retroactive to the first day of my leave. I also understand that if I do not submit an FMLA-2 Form (FMLA Healthcare Provider's Report) as requested, I may not qualify for FMLA leave and the absence may be charged against my attendance record. Employees who fraudulently obtain FMLA leave are not protected by the Act.

Employee's Signature: **Luann Gould**   Date: **7-10-03**

### Service Credit

Upon reinstatement from an FMLA leave (taken as consecutive calendar days or on an intermittent basis), an employee will receive Net Credited Service for the first 30 days of unpaid FMLA leave within a 12-month period. Employees granted multiple leaves of absence within a 12-month period will not be granted more than one 30-day period of service credit within a 12-month period. An employee who has an absence which qualifies under the provisions of the FMLA and who subsequently returns from such a leave will be credited with up to 501 hours, either in the year of absence or in the following year as necessary, to prevent a break in service for participation and vesting under the applicable pension plan. Any hours credited will be used only to avoid a break in service for participation and vesting under the applicable pension plan and will not be counted toward Vesting Service or eligibility to participate, nor will they be included in Net Credited Service.

### To Be Completed by Health Services.

This FMLA is ☐ qualified ☒ not qualified, for the period from **1/7/03** to **1/7/03** inclusive, subject to the rights and conditions set forth on both sides of this form.

Reviewed by: **Peggy Blumer**   Date: **1/25/03**
Authorized Benefit Delegate

Please also read "Your Rights and Responsibilities Under the Family and Medical Leave Act of 1993" on the reverse side of this form.

**DEF   00040**

**FMLA Healthcare Provider**
**(Family and Medical Leave Act of 1993)**

To (Healthcare Provider's Name): _Nicole May PA-C_

I hereby authorize you to provide information to Lucent Technologies Inc. Health Services for purposes of clarifying the information provided in this FMLA Healthcare Provider's Report.

_Luann Gould_      _7-7-03_
~~Patient's Signature (if minor, Guardian Signature)~~      (Date)

1. Employee's Name: _Luann Gould_    Social Security Number _002-52-96_

2. Patient's name (if different from employee): _Shelby Gould_

   Relationship to employee: _daughter_    If child, date of birth: _7-22-97_

3. The attached sheet describes what is meant by a "serious health condition" under the Family and Medical Leave Act. Does the patient's condition[1] qualify under any of the categories described? If so, please check the applicable category.

   (I)___ (II)_X_ (III)___ (IV)___ (V)___ (VI)___, or None of the above___

4. Describe the medical facts which support your response to Item 3 above, including a brief statement as to how the medical facts meet the criteria of one of these categories: _Patient needed to miss work on Monday 7/7/03 to stay home with her daughter who had bacterial conjunctivitis + was contagious_

5 a. State the approximate date the condition commenced, and the probable duration of the condition (and also the probable duration of the patient's present incapacity[2] if different): _Patient needed to be kept home for 24 hrs so Luann Gould needed to miss work on 7/9/03 only_

5 b. Will it be necessary for the employee to work only intermittently or to work on less than a full schedule as a result of the condition (including for treatment described in Item 6 below)? YES:____ NO: _X_

   If yes, give the probable duration: _____

5 c. If the condition is a chronic condition (condition #IV) or pregnancy, state whether the patient is presently incapacitated[2] and the likely duration and frequency of episodes of incapacity[2]: _N/A_

6 a. If additional treatments will be required for the condition, provide an estimate of the probable number of such treatments: _N/A_

   If the patient will be absent from work or other daily activities because of treatment on an intermittent or part-time basis, also provide an estimate of the probable number and interval between such treatments, actual or estimated dates of treatment, if known, and period required for recovery, if any: _N/A_

[1]Here and elsewhere on this form, the information sought relates only to the condition for which the employee is taking FMLA leave.

[2]"Incapacity," for purposes of FMLA, is defined to mean inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom.

DEF    00041

(5/98)
Page 3 of 4

6 b.    If any of these treatments will be provided by another provider of health services (e.g., physical therapist), please state the nature of the treatments: _N/A_

6 c.    If a regimen of continuing treatment by the patient is required under your supervision, provide a general description of such regimen (e.g., prescription drugs, therapy requiring special equipment): _____
_Erythromycin Ointment - qid x appox. 5 days_

7 a.    If medical leave is required for the employee's absence from work because of the employee's own condition (including absences due to pregnancy or a chronic condition), is the employee unable to perform work of any kind?
YES:___ NO:___     _N/A_

7 b.    If able to perform some work, is the employee unable to perform any one or more of the essential functions of the employee's job (the employee should supply you with information about the essential job functions)?
YES:___ NO:___     _N/A_

If yes, please list the essential functions the employee is unable to perform: _____

7 c.    If neither a. nor b. applies, is it necessary for the employee to be absent from work for treatment?     YES:___ NO:___

If yes, please list the date(s) of treatment for which the employee will be required to be absent from work.
_N/A_

8 a.    If leave is required to care for a family member of the employee with a serious health condition, does the patient require assistance for basic medical or personal needs or safety, or for transportation?     YES: _✓_ NO: ___
_Safety as patient is a minor._

8 b.    If no, would the employee's presence to provide psychological comfort be beneficial to the patient or assist in the patient's recovery?     YES:___ NO:___

8 c.    If the patient will need care only intermittently or on a part-time basis, please indicate the probable duration of this need: _7/7/03 only_

_____          _Family Practice_
(Signature of Healthcare Provider)              (Type of Practice)

_207 Stage Road Hampstead NH_          _(603) 329-5223_
(Address)                                       (Telephone Number)

**To be completed by the employee needing FMLA leave to care for a family member:**
9.      State the care you will provide and an estimate of the period during which care will be provided, including a schedule if leave is to be taken intermittently or if it will be necessary for you to work less than a full schedule:
_____

_____          _7-16-03_
(Employee Signature)                            (Date)

THIS FORM MUST BE RETURNED TO THE APPROPRIATE HEALTH SERVICES CLINIC LOCATION. (See cover sheet for addresses.)
DO NOT RETURN THIS FORM TO YOUR SUPERVISOR

Health Service's Copy

DEF     00042