Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10021
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LUANN P. GOULD, | : |
| Plaintiff, | : 05 CV 11118 (PBS) |
| | : |
| – against – | : **NOTICE OF DEFENDANT'S** |
| | : **MOTION IN LIMINE** |
| LUCENT TECHNOLOGIES, INC., | : |
| Defendant. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys Epstein Becker & Green, P.C., will move this Court, on such date and at such time as the Court sets, at the United States Courthouse, Boston, Massachusetts, for an Order:

1) precluding Plaintiff from offering or eliciting any evidence and/or testimony as to any claims dismissed by this Court in its Memorandum and Order dated October 30, 2006, including: (a) Plaintiff's common law claims for wrongful discharge, intentional and negligent infliction of emotional distress; (b) Plaintiff's claims for interference and retaliation under the Massachusetts Small Necessities Leave Act; and (c) Plaintiff's claims for interference and retaliation under the Family and Medical Leave Act in connection with Lucent's denial of Plaintiff's FMLA leave request for her absence from May 5 to May 6 of 2003;

NY:1552597v2

2) precluding Plaintiff from offering any testimony as to her own assessment of her daughter's health in or about July, 2003, including but not limited to Plaintiff's expected testimony set forth in Section I(A)(1) of the Joint Pretrial Memorandum;

3) precluding Plaintiff from eliciting any testimony and/or evidence from her daughter's health care providers, including but not limited to Dr. Thomas J. Cammilleri and/or Physician Assistant Nicole May, as to Plaintiff's daughter's health prior to their examination of and/or commencement of their treatment of Plaintiff's daughter on July 7, 2003;

4) precluding Plaintiff from offering or eliciting any evidence and/or testimony as to any medical information not presented to Lucent contemporaneously with Plaintiff's request for FMLA leave for her absence on July 7, 2003, including but not limited to Plaintiff's proposed exhibits in Section XI(A)(2) of the Joint Pretrial Memorandum;

5) precluding Plaintiff from offering or eliciting any evidence and/or testimony as to any damages disallowed for claims of FMLA interference and FMLA retaliation, including but not limited to: (a) emotional distress damages; and (b) consequential damages for the loss of value of existing retirement and pension plan; and (c) consequential damages for increased out of pocket health insurance coverage costs;

6) precluding Plaintiff from offering or eliciting any evidence and/or testimony as to her alleged personal hardships including but not limited to: (a) her status as a single mother; (b) her ex-husband's alleged molestation of her daughter; (c) her own ongoing health problems; and (d) her live-in boyfriend's recent death, from which she inherited nothing and lost her residence;

7) precluding Plaintiff from calling any witnesses not identified by Plaintiff in her required pretrial disclosures; and

      8)    precluding Plaintiff from offering any evidence that Plaintiff failed to produce in response to Defendant's discovery requests, including but not limited to Plaintiff's proposed exhibits in Sections XI(A)(5) and XI(A)(7) of the Joint Pretrial Memorandum.

Dated:    January 25, 2006

        EPSTEIN BECKER & GREEN, P.C.

        By: /s/ Evan J. Spelfogel
           Evan J. Spelfogel (BBO# 474440)
           Jamila A. Berridge (Admitted Pro Hac Vice)
        250 Park Avenue
        New York, New York 10177-1211
        (212) 351-4500
        Attorneys for Defendant