Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10021
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------- x
LUANN P. GOULD,                      :
                                     :   05 CV 11118 (PBS)
                Plaintiff,           :
                                     :
        – against –                  :   **DEFENDANT'S MEMORANDUM**
                                     :   **OF LAW IN SUPPORT OF ITS**
LUCENT TECHNOLOGIES, INC.,           :   **MOTION IN LIMINE**
                                     :
                Defendant.           :
                                     :
                                     :
------------------------------------- x

       Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., submits this Memorandum of Law in Support of its Motion In Limine seeking to preclude Plaintiff from offering or eliciting any evidence and/or testimony:

       1)     As to any claims dismissed by this Court in its Memorandum and Order dated October 30, 2006, including: (a) Plaintiff's common law claims for wrongful discharge, intentional and negligent infliction of emotional distress; (b) Plaintiff's claims for interference and retaliation under the Massachusetts Small Necessities Leave Act; and (c) Plaintiff's claims for interference and retaliation under the Family and Medical Leave Act in connection with Lucent's denial of Plaintiff's FMLA leave request for her absence from May 5 to May 6 of 2003;

NY:1561237v2

2)      As to her own assessment of her daughter's health in or about July, 2003, including but not limited to Plaintiff's expected testimony set forth in Section I(A)(1) of the Joint Pretrial Memorandum;

3)      From her daughter's health care providers, including but not limited to Dr. Thomas J. Cammilleri and/or Physician Assistant Nicole May, as to Plaintiff's daughter's health prior to their examination of and/or commencement of their treatment of Plaintiff's daughter on July 7, 2003;

4)      As to any medical information not presented to Lucent contemporaneously with Plaintiff's request for FMLA leave for her absence on July 7, 2003, including but not limited to Plaintiff's proposed exhibits in Section XI(A)(2) of the Joint Pretrial Memorandum;

5)      As to any damages disallowed for claims of FMLA interference and FMLA retaliation, including but not limited to: (a) emotional distress damages; and (b) consequential damages for the loss of value of existing retirement and pension plan; and (c) consequential damages for increased out of pocket health insurance coverage costs;

6)      As to her alleged personal hardships including but not limited to: (a) her status as a single mother; (b) her ex-husband's alleged molestation of her daughter; (c) her own ongoing health problems; and (d) her live-in boyfriend's recent death, from which she inherited nothing and lost her residence;

7)      As to any witnesses not identified by Plaintiff in her required pretrial disclosures; and

        8)      As to any evidence that Plaintiff failed to produce in response to Defendant's discovery requests, including but not limited to Plaintiff's proposed exhibits in Sections XI(A)(5) and XI(A)(7) of the Joint Pretrial Memorandum.

## ARGUMENT

### I. THIS COURT SHOULD GRANT DEFENDANT'S FIRST MOTION IN LIMINE BECAUSE PLAINTIFF MAY NOT RELITIGATE CLAIMS THAT THIS COURT HAS PREVIOUSLY DISMISSED

On October 30, 2006, this Court issued a Memorandum and Order dismissing all of Plaintiff's claims except for her claims for FMLA interference and FMLA retaliation in connection with Lucent's denial of Plaintiff's FMLA leave request for her absence on July 7, 2003. Plaintiff is bound by this Court's decision and she may not now, at trial, attempt to relitigate claims that this Court previously dismissed. See, e.g., Ellis v. United States, 313 F.3d 636, 646 (1st Cir. 2002) ("[U]nless corrected by an appellate tribunal, a legal decision made at one stage of a civil or criminal case constitutes the law of the case throughout the pendency of the litigation. This means that a court ordinarily ought to respect and follow its own rulings, made earlier in the same case.") (internal quotations and citation omitted); United States v. Moran, 393 F.3d 1, 7 (1st Cir. 2004) ("[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case … unless and until the decision is modified or overruled by a higher court."). Accordingly, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to any claims dismissed by this Court in its Memorandum and Order dated October 30, 2006, including: (a) Plaintiff's common law claims for wrongful discharge, intentional and negligent infliction of emotional distress; (b) Plaintiff's claims for interference and retaliation under the Massachusetts Small Necessities Leave Act; and (c) Plaintiff's claims for interference and retaliation under the

Family and Medical Leave Act in connection with Lucent's denial of Plaintiff's FMLA leave request for her absence from May 5 to May 6 of 2003.

## II. THIS COURT SHOULD GRANT DEFENDANT'S SECOND MOTION IN LIMINE BECAUSE PLAINTIFF'S OWN ASSESSMENT OF HER DAUGHTER'S HEALTH LACKS PROBATIVE VALUE

Courts evaluating FMLA claims have routinely held that a plaintiff's assessment of her own condition is insufficient to prove the requisite incapacity. See, e.g., Bell v. Store, 83 F. Supp. 2d 951, 959 (N.D. Ill. 2000) ("[Plaintiff's] own statement is not enough to establish he was incapacitated: [he] must provide evidence from a medical professional or health care provider that he was unable to work."); Austin v. Haaker, 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999) ("an employee must present specific evidence that he or she suffers from a serious health condition, and cannot rely on his own assessment of his health"); Bond v. Abbott Lab., 7 F. Supp. 2d 967, 976 (N.D. Ohio 1998) (dismissing Plaintiff Bond's FMLA claim because he could not show a period of incapacity exceeding three calendar days; there was nothing in the record to support Plaintiff's claim that he was unable to perform his regular daily activities other than his own self-serving testimony); Joslin v. Rockwell Int'l Corp., 8 F. Supp. 2d 1158, 1160-61 (N.D. Iowa 1998) (finding that an employee's own testimony that she was unable to work because of her illness was insufficient to prove that she was incapacitated).

Plaintiff is not a "health care provider" as defined by the FMLA regulations. See 29 C.F.R. § 825.800. Thus, the rule set forth above also compels the preclusion of Plaintiff's own assessment of her daughter's health because Plaintiff is no more qualified to assess her daughter's health than she would be to assess her own health. Accordingly, due to the lack of probative value and the risk of confusing or misleading the jury, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to her own assessment of her

daughter's health in or about July, 2003, including but not limited to Plaintiff's expected testimony set forth in Section I(A)(1) of the Joint Pretrial Memorandum.

### III. THIS COURT SHOULD GRANT DEFENDANT'S THIRD MOTION IN LIMINE BECAUSE A HEALTH CARE PROVIDER'S SPECULATION AS TO A PATIENT'S HEALTH PRIOR TO HIS/HER EXAMINATION AND/OR TREATMENT OF THE PATIENT LACKS PROBATIVITY

Plaintiff's daughter's health care providers, Dr. Thomas J. Cammilleri and/or Physician Assistant Nicole May, did not examine and/or commence treatment of Plaintiff's daughter until July 7, 2003. Therefore they can only speculate as to when Plaintiff's daughter's alleged conjunctivitis first became incapacitating. See, e.g., Bell v. Store, 83 F. Supp. 2d 951, 959 (N.D. Ill. 2000) ("[Plaintiff's Doctor] could not determine if [Plaintiff] was incapacitated from March 2, 1998 through March 17, 1998 because he did not examine [Plaintiff] until March 24, 1998."). Accordingly, because the health care providers' speculation lacks probative value and poses a serious risk of confusing or misleading the jury, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony from her daughter's health care providers, including but not limited to Dr. Thomas J. Cammilleri and/or Physician Assistant Nicole May, as to her daughter's health prior to their examination of and/or commencement of their treatment of her daughter on July 7, 2003.

### IV. THIS COURT SHOULD GRANT DEFENDANT'S FOURTH MOTION IN LIMINE BECAUSE DEFENDANT PROPERLY EVALUATED PLAINTIFF'S FMLA LEAVE REQUEST BASED UPON HER CONTEMPORANEOUSLY SUBMITTED MEDICAL CERTIFICATION

The medical certification submitted by Plaintiff in connection with her FMLA leave request for her absence on July 7, 2003 unequivocally established that her daughter was not incapacitated for more than three consecutive days and therefore could not have suffered from a

serious health condition.  Instead, the certification provided, "Patient needed to be kept home for <u>24 hours</u> so Luanne Gould needed to miss work on 7/7/03 only."  (Emphasis added).  Lucent was entitled to rely on Plaintiff's submitted medical certification, without any further inquiry or investigation, because it was complete and clearly indicated on its face that Plaintiff did not qualify for FMLA leave.  <u>See, e.g.</u>, <u>Stoops v. One Call Commc'ns, Inc.</u>, 141 F.3d 309, 314 (7th Cir. 1998); <u>Densmore v. Pilgrim's Pride Corp.</u>, No. 4:05CV00770-WRW, 2006 WL 3258259 (E.D. Ark. Nov. 9, 2006); <u>Collins v. Merck-Medco RX Servs. of Texas, L.L.C.</u>, No. 300CV1852-X, 2001 WL 1142794 (N.D. Tex. Sept. 24, 2001).

Defendant would be unduly prejudiced if the Plaintiff is permitted to introduce specious new medical information, which has conveniently surfaced on the eve of trial, purporting to assess her daughter's health over three years ago.  Defendant was entitled to evaluate Plaintiff's FMLA leave request for her absence on July 7, 2003 based upon the complete, clear and contemporaneously available medical certification provided by Plaintiff.  Accordingly, because Defendant would be unduly prejudiced, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to any medical information not presented to Lucent contemporaneously with Plaintiff's request for FMLA leave for her absence on July 7, 2003, including but not limited to Plaintiff's proposed exhibits in Section XI(A)(2) of the Joint Pretrial Memorandum.

### V. THIS COURT SHOULD GRANT DEFENDANT'S FIFTH MOTION IN LIMINE BECAUSE THE FMLA PROHIBITS PLAINTIFF'S POTENTIAL RECOVERY OF CERTAIN ALLEGED DAMAGES

As discussed above, Plaintiff's only remaining claims are for FMLA interference and FMLA retaliation in connection with Lucent's denial of her FMLA leave request for her absence on July 7, 2003.  If Plaintiff prevails on her claims, she is not legally entitled under the

FMLA to recover for certain alleged damages, including but not limited to emotional and consequential damages.  <u>See</u> 29 U.S.C. 2617(a)(1); <u>Beebe v. Williams College</u>, 430 F. Supp. 2d 18 (D. Mass. 2006); <u>Lufkin v. E. Me. Med. Ctr.</u>, 401 F. Supp. 2d 145 (D. Me. 2005) (collecting cases).  Accordingly, due to the lack of probative value and the risk of confusing or misleading the jury, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to any damages disallowed for claims of FMLA interference and FMLA retaliation, including but not limited to:  (a) emotional distress damages; and (b) consequential damages for the loss of value of existing retirement and pension plan; and (c) consequential damages for increased out of pocket health insurance coverage costs.

### VI. THIS COURT SHOULD GRANT DEFENDANT'S SIXTH MOTION IN LIMINE BECAUSE PLAINTIFF'S ALLEGED PERSONAL HARDSHIPS ARE UNDULY PREJUDICIAL AND FAR OUTWEIGH ANY POSSIBLE PROBATIVE VALUE CONCERNING HER CLAIMS

Throughout the course of the proceedings, Plaintiff has alluded to certain alleged personal hardships.  Such alleged personal hardships must be excluded under the Federal Rules of Evidence because they are irrelevant to her FMLA claims.  <u>See</u> Fed. R. Evid. 401 (relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").  Moreover, even if such evidence were somehow relevant to the issues at trial, the evidence must be excluded because any "probative value is substantially outweighed by the danger of unfair prejudice[.]"  Fed. R. Evid. 403; <u>see also</u> <u>DiRico v. City of Quincy</u>, 404 F.3d 464, 468 (1st Cir. 2005) ("Evidence is unfairly prejudicial if it invites the jury to render a verdict on an improper emotional basis.") (internal quotations and citation omitted).  Accordingly, because such alleged personal hardships lack probative value and would be unduly prejudicial to

the Defendant, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to her alleged personal hardships including but not limited to: (a) her status as a single mother; (b) her ex-husband's alleged molestation of her daughter; (c) her own ongoing health problems; and (d) her live-in boyfriend's recent death, from which she inherited nothing and lost her residence.

### VII. THIS COURT SHOULD GRANT DEFENDANT'S SEVENTH MOTION IN LIMINE BECAUSE CALLING NEW WITNESSES, WHICH PLAINTIFF HAS FAILED TO DISCLOSE, WOULD BE UNDULY PREJUDICIAL

Plaintiff was required by the Federal Rules of Civil Procedure to disclose, "at least 30 days before trial," the identity of all witnesses that she intended to "present at trial other than solely for impeachment purposes." Fed. R. Civ. P. 26(a)(3). "A party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness … not so disclosed." Fed. R. Civ. P. 37(c)(1). Surprise witnesses would unduly harm Defendant because it has made irreversible strategic and trial preparation decisions based on the non-existence of such witnesses. Accordingly, because Defendant would be unduly prejudiced, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to any witnesses not identified by Plaintiff in her required pretrial disclosures.

### VIII. THIS COURT SHOULD GRANT DEFENDANT'S EIGHTH MOTION IN LIMINE BECAUSE INTRODUCING NEW EVIDENCE, WHICH PLAINTIFF FAILED TO PRODUCE IN RESPONSE TO DEFENDANT'S DISCOVERY REQUESTS, WOULD BE UNDULY PREJUDICIAL

Defendant was entitled to obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …." Fed. R. Civ. P. 26(b)(1). "A party that

without substantial justification fails … to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial … information not so disclosed." Fed. R. Civ. P. 37(c)(1). Surprise evidence, which was previously requested by Defendant and not produced by Plaintiff, would unduly harm Defendant because it has made irreversible strategic and trial preparation decisions based on the non-existence of such evidence. Accordingly, because Defendant would be unduly prejudiced, this Court should preclude Plaintiff from offering or eliciting any evidence and/or testimony as to any evidence that Plaintiff failed to produce in response to Defendant's discovery requests, including but not limited to Plaintiff's proposed exhibits in Sections XI(A)(5) and XI(A)(7) of the Joint Pretrial Memorandum.

## CONCLUSION

Based upon the foregoing, Lucent respectfully requests that this Court preclude Plaintiff from offering or eliciting any evidence and/or testimony as to each of the eight numbered items set forth above in the opening of this Memorandum of Law in Support of Defendant's Motion in Limine.

Dated: January 25, 2006

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Evan J. Spelfogel
Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendant