Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10177
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUANN P. GOULD,                                         :

                   Plaintiff,          :   05 CV 11118 (PBS)

                           :

         – against –                          :

                           :

LUCENT TECHNOLOGIES, INC.,                              :

                Defendant.        :

                           :

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., submits the following proposed jury instructions to be given to the jury at the close of the trial of this action. Lucent respectfully requests leave to submit revised or additional requests based upon the evidence actually adduced at trial. In addition, Lucent requests leave to submit revised or additional requests that conform with any rulings of law that the Court may render during the course of these proceedings.

Requested Instruction No. 1
(Role of the Court)

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be -- or ought to be -- it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions
(Civil), 71-2 (Matthew Bender, 3d ed.).

Requested Instruction No. 2
(Role of the Jury)

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  Nor is what I may have said--or what I may say in these instructions--about a fact issue, evidence.  In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the plaintiff has proven her case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice to any party.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil)</u>, 71-3 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 3</u>
(Juror Oath)

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy and without fear, solely upon the evidence in the case and the applicable law.  I know that you will do this and reach a just and true verdict.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil),</u> 71-4 (Matthew Bender, 3d ed.).

Requested Instruction No. 4
(Conduct of Counsel)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  I, the Court, must decide all those questions of law.  You should not show any prejudice against an attorney or his or her client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the Court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence.  You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 71-6 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 5</u>
(Sympathy)

Under your oath as jurors you are not to be swayed by sympathy.  You should be guided solely by the evidence presented during the trial.  Jurors are expected to apply common sense and experience in making the findings essential to justice, but justice is not done if a juror simply places himself or herself in the position of an injured party.  Our system demands of jurors a prudent, disinterested evaluation of the evidence, not an emotional identification with a party.  Indeed, neither the rules of evidence nor other legal guidelines would have much meaning if subjective judgments were the tests for persuasion.  Fairness to all parties is the duty of jurors, as well as judges, and that is difficult to achieve under the best of circumstances.  And our best chance of realizing that high hope is through the application of uniform standards governing the admission of evidence and the rules which the jury must follow in considering it.  A plea for sympathy is, in essence, an appeal to abandon such standards and, necessarily, it must be rejected.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil),</u> 71-10 (Matthew Bender, 3d ed.).

Requested Instruction No. 6
(Burden of Proof- Preponderance of Evidence)

This is a civil case and as such the plaintiff has the burden of proving the material allegations of her complaint.

The plaintiff must prove every disputed element of her claims by a preponderance of the evidence. If you conclude that the plaintiff has failed to establish any claim by a preponderance of the evidence, you must decide against her on the issue you are considering.

What does a "preponderance of the evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If upon review of all of the evidence, you are satisfied that the plaintiff has sustained her burden, that is, if the evidence weighs in her favor, then the plaintiff is entitled to recover. If you feel that the evidence is evenly balanced between the two sides, then the plaintiff has failed to carry her burden and you must find for the defendant. Of course, if you find that the evidence weighs in favor of the defendant, then you must find for the defendant.

> 4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 73-1, 73-2 (Matthew Bender, 3d ed.); 3 Kevin F. O'Malley, Federal Jury Practice and Instructions § 101.41.

Requested Instruction No. 7
(What Is and Is Not Evidence)

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence.  It is the witnesses' answers that are evidence, not the questions.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict.  Also, if certain testimony was received for a limited purpose-- such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 74-1 (Matthew Bender, 3d ed.).

Requested Instruction No. 8
(Direct and Circumstantial Evidence)

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he or she knows by virtue of his own senses--something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 74-2 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 9</u>
(Judicial Notice)

I have taken judicial notice of certain facts which are not subject to reasonable dispute.  I

have accepted these facts to be true, even though no direct evidence has been introduced proving

them to be true.  You are required to accept these facts as true in reaching your verdict.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil)</u>, 74-3 (Matthew Bender, 3d ed.).

Requested Instruction No. 10
(Stipulation of Facts)

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

> 4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 74-4 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 11</u>
(Summaries and Charts)

The defendant has presented exhibits in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil)</u>, 74-11 (Matthew Bender, 3d ed.).

Requested Instruction No. 12
(Witness Credibility)

You have had the opportunity to observe all the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called upon to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides.  In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness' testimony.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of his or her memory, candor or lack of candor, intelligence, the reasonableness and probability of the testimony and its consistency of lack of consistency and its corroboration or lack of corroboration with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  Always remember that you should use your common sense, your good judgment and your own life experience.

    4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions
    (Civil), 76-1 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 13</u>
(Corporate Parties)

In this case, the defendant is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil)</u>, 72-1 (Matthew Bender, 3d ed.).

.

<u>Requested Instruction No. 14</u>
(Business Judgment Rule)

You may not return a verdict for the plaintiff just because you might disagree with Lucent's decision to discharge the plaintiff or believe the decision to be harsh or unreasonable. Under the law, employers are entitled to make employment decisions for a good reason, for a bad reason, or for no reason at all, so long as the decision is not motivated by unlawful retaliation. You should not second-guess Lucent's decisions or substitute your judgment for theirs.

<u>Webber v. Int'l Paper Co.</u>, 417 F.3d 229, 238 (1st Cir. 2005); <u>Rathbun v. Autozone, Inc.</u>, 361 F.3d 62, 74 (1st Cir. 2004); <u>Fennell v. First Step Designs, Ltd.</u>, 83 F.3d 526, 537 (1st Cir. 1996); <u>Mesnick v. Gen. Elec. Co.</u>, 950 F.2d 816, 825 (1st Cir. 1991).

<u>Requested Instruction No. 15</u>
(The FMLA, Generally)

This case arises under the Family and Medical Leave Act ("FMLA"). This federal law provides eligible employees the right to take up to twelve weeks of unpaid leave per year in certain situations, including to care for an immediate family member with a "serious health condition" as defined by the law. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took leave.

To insure the availability of these guarantees, the FMLA declares that it is unlawful for any employer to interfere with, restrain or deny the exercise of or the attempt to exercise, any right provided by the FMLA. The FMLA also prohibits action by an employer to retaliate against an employee for the exercise of rights created by the FMLA.

3C Kevin F. O'Malley, Federal Jury Practice and Instructions, §
179.10 (2002 Pocket Part re FMLA cases).

Requested Instruction No. 16
(Nature of FMLA Claims and Defenses)

The plaintiff alleges two separate claims against Lucent under the FMLA. The plaintiff alleges that Lucent interfered with her rights under the FMLA by denying her request that her one day of leave to care for her daughter who had been ill with conjunctivitis in July 2003 should be excused FMLA leave not counted against her absenteeism record. The plaintiff also alleges that Lucent terminated her employment in retaliation for taking time off that she alleges was protected under the FMLA.

Lucent denies that it violated the FMLA. Lucent states that: (1) it denied plaintiff's request for leave because the request did not qualify as leave covered by the FMLA, (2) and it terminated plaintiff's employment because of excessive absenteeism in accordance with Lucent's Absence Control Plan. Further, Lucent states that well before plaintiff's employment termination, Lucent repeatedly counseled and warned plaintiff about her ongoing absenteeism problem. Neither the counseling and warnings nor plaintiff's job termination were influenced in any way by earlier FMLA leaves of absences (totaling 285.5 days) that Lucent granted to plaintiff from 1996 until her employment termination. Rather, Lucent's counseling, warnings and termination of plaintiff's employment were a result of excessive, unexcused absences (totaling 503.5 days) from 1996 until her employment termination that were not covered by the FMLA.

> 3c Kevin F. O'Malley, Federal Jury Practice and Instructions,
> § 179.01 (2002 Pocket Part re: FMLA cases).

<u>Requested Instruction No. 17</u>
(Denial of Request for Leave)

Plaintiff has alleged that she was deprived of a right guaranteed under the FMLA.  She must therefore demonstrate by a preponderance of the evidence that she was entitled to the right that was allegedly deprived.

> Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:230 (6th rev. 2006).

<u>Requested Instruction No. 18</u>
(Denial of Request for Leave- Establishing Entitlement to Leave)

In order for the plaintiff to maintain a FMLA claim based on the need to care for a child with a serious health condition, she must prove all of the following elements by a preponderance of the evidence:

1. plaintiff was eligible for leave;

2. plaintiff's daughter had conjunctivitis;

3. the conjunctivitis was a serious health condition as defined by the FMLA;

4. plaintiff was needed to care for her daughter;

5. plaintiff was absent from work or requested leave to care for her daughter; and

6. plaintiff gave Lucent appropriate notice of her need to be absent from work.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 88-101 (Matthew Bender, 3d ed.) (modified).

<u>Requested Instruction No. 19</u>
(Serious Health Condition)

The phrase "serious health condition" as used in these instructions means an illness, injury, impairment, or physical or mental condition that involves:

<u>Inpatient care</u> (for example, an overnight stay) in a hospital, hospice, or residential medical care facility, including any period of incapacity (inability to work, attend school or perform other regular daily activities), or any subsequent treatment in connection with the inpatient care);

OR

<u>Incapacity plus treatment</u>, which means a period of incapacity (inability to work, attend school or perform other regular daily activities) of <u>more than</u> three consecutive calendar days, including any subsequent treatment or period of incapacity relating to the same condition, plus:

1) Treatment two or more times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health services (for example, a physical therapist) under orders of, or on referral by, a health care provider; or

2) Treatment by a health care provider on at least one occasion which results in a regimen of continuing treatment under the supervision of the health care provider.

The term serious health condition is not intended to cover short-term conditions for which treatment and recovery are very brief. It is expected that such conditions will fall within even the most modest sick leave policies.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 88-132 (Matthew Bender, 3d ed.); <u>Brown v. Seven Seventeen HB Phila. Corp.</u>, No. 01-1741, 2002 U.S. Dist. LEXIS 15066, at *6 n. 5 (Aug. 8, 2002 E.D. Penn.), <u>quoting</u> S. Rep. No. 3-103 (1993), reprinted in 1993 U.S.C.C.A.N. 3, at 30-31.

Requested Instruction No. 20
(Continuing Treatment)

Treatment that consists of taking over-the-counter medications such as aspirin, antihistamines, or salves; or bed-rest, drinking fluids, exercise, and other similar activities that can be initiated without a visit to a health care provider, is not sufficient to constitute a regimen of continuing treatment for purposes of FMLA leave.

29 C.F.R. § 825.114(b).

Requested Instruction No. 21
(Only Health Care Provider May Determine Incapacity)

Only a health care provider may make the determination whether or not plaintiff's daughter was incapacitated -- that is, whether plaintiff's daughter was unable to attend school or engage in other routine daily activities for more than three consecutive calendar days.   An employee's own judgment concerning incapacity is insufficient.   A health care provider must have determined that, in his or her professional medical judgment, plaintiff's daughter was incapacitated because of illness.   Under the FMLA, the only relevant opinion about whether the child was incapacitated or plaintiff was able to work belongs to plaintiff's health care provider, not to plaintiff.

29 C.F.R. § 825.114(a); Brown v. Seven Seventeen HB Phila. Corp., No. 01-1741, 2002 U.S. Dist. LEXIS 15066, at *6 n. 5 (Aug. 8, 2002 E.D. Pa.); Olsen v. Ohio Edison Co., 979 F. Supp. 1159, 1166 (N.D. Ohio 1997); Bond v. Abbott Lab., 7 F. Supp. 2d 967, 974 (N.D. Ohio 1998); Bell v. Store, 83 F. Supp. 2d 951, 959 (N.D. Ill. 2000); Austin v. Haaker, 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999); ; Joslin v. Rockwell Int'l Corp., 8 F. Supp. 2d 1158, 1160-61 (N.D. Iowa 1998).

Requested Instruction No. 22
(Health Care Provider May Not Testify About
Condition of Patient Prior to Having Examined Patient)

A health care provider may not determine whether or not plaintiff's daughter was incapacitated due to conjunctivitis for any period of time prior to the time that the health care provider examined and/or commenced treatment of plaintiff's daughter for conjunctivitis.

Bell v. Store, 83 F. Supp. 2d 951, 959 (N.D. Ill. 2000).

<u>Requested Instruction No. 23</u>
(Employer May Rely Upon Clear Certification)

FMLA regulations only require that an employee be given an opportunity to clarify and/or cure a medical certification if the certification is "incomplete."  When a certification is complete and clearly indicates on its face that the employee does not qualify for FMLA leave (otherwise known as "negative certification"), the employer may rely on such certification in denying leave, without any further inquiry or investigation.

> <u>Aubuchon v. Knauf Fiberglas, GMBH</u>, 240 F. Supp. 2d 859 (S.D. Ind. 2003), <u>aff'd</u>, 359 F.3d 950 (7th Cir. 2004); <u>Densmore v. Pilgrim's Pride Corp.</u>, No. 4:05CV00770-WRW, 2006 WL 3258259 (E.D. Ark. Nov. 9, 2006); <u>Stoops v. One Call Commc'ns, Inc.</u>, 141 F.3d 309, 313-314 (7th Cir. 1998); <u>Collins v. Merck-Medco RX Servs. of Texas, L.L.C.</u>, No. 300CV1852-X, 2001 WL 1142794 (N.D. Tex. Sept. 24, 2001).

<u>Requested Instruction No. 24</u>
(FMLA Retaliation – Elements Of A Prima Facie Claim)

Plaintiff has alleged that she was terminated because she took time off that she alleges was protected under the FMLA.

To state a prima facie case of retaliation under the FMLA, a plaintiff must prove by a preponderance of the evidence that:

1.  Plaintiff engaged in an FMLA protected activity;

2.  Lucent took an adverse employment action against plaintiff; and

3.  A causal connection exists between the protected activity and adverse employment action.

Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:660 (6th rev. 2006); <u>see</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

<u>Requested Instruction No. 25</u>
(FMLA Retaliation – No Retaliation if Plaintiff Not Entitled to Leave)

If Lucent correctly determined that Shelby Gould's conjunctivitis did not qualify as a serious health condition under the FMLA, plaintiff's claim for retaliation is barred for failure to establish any protected activity.

> <u>Lockhart v. Home Interiors & Gifts, Inc.</u>, No. 04-cv-301, 2006 U.S. Dist. LEXIS 21895, at *16 (E.D. Tx. Mar. 29, 2006); <u>Ruiz v. Ostbye & Anderson, Inc.</u>, No. Civ. 02-2954, 2004 U.S. Dist. LEXIS 19890, at *16 (D. Minn. Sept. 24, 2004); <u>Schmittou v. Wal-Mart Stores, Inc.</u>, No. Civ. 011763, 2003 U.S. Dist. LEXIS 15767, at *22 (D. Minn. Aug. 22, 2003); <u>Collins v. Merck-Medco RX Servs., of Texas, L.L.C.</u>, No. 300CV1852-X, 2001 U.S. Dist. LEXIS 15143, at *10-11 (N.D. Tex. Sept. 24, 2001); <u>see also</u> <u>Nagy v. Tee Vee Toons, Inc.</u>, No. 03 Civ. 7838, 2004 U.S. Dist. LEXIS 8400, at *5 (S.D.N.Y. May 12, 2004); <u>Evans v. Henderson</u>, No. 99 C 8332, 2001 U.S. Dist. LEXIS 962, at *7 (N.D. Ill. Feb. 5, 2001).

Requested Instruction No. 26
(FMLA Retaliation – Direct versus Indirect Evidence)

To prevail on a claim of discrimination or retaliation under the FMLA, plaintiff must prove by a preponderance of the evidence that Lucent had a reason or motive to discriminate against her when it terminated her.  Plaintiff must prove, either directly or indirectly, that Lucent engaged in intentional discrimination.

Direct evidence of discrimination is evidence of remarks or actions that, if believed, would directly prove that plaintiff's FMLA leave was a motivating factor in Lucent's treatment of plaintiff.

Indirect or circumstantial evidence would include proof of a set of circumstances that would allow one to reasonably believe that plaintiff's FMLA leave was a motivating factor in Lucent's treatment of plaintiff.

Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:630 (6th rev. 2006); see McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Requested Instruction No. 27
(FMLA Retaliation – Legitimate Non-Discriminatory Reason)

A legitimate, nondiscriminatory reason is any reason or explanation unrelated to plaintiff's FMLA activity.  In considering the legitimate, nondiscriminatory reason stated by Lucent for its decision, you are not to second-guess that decision or to otherwise substitute your judgment for that of Lucent.

In this case, the ultimate burden of persuading the jury that Lucent intentionally discriminated against plaintiff because of her FMLA activity remains at all times with plaintiff. Lucent is therefore not required to prove that its decision was actually motivated by the stated legitimate, nondiscriminatory reason.

Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:720 (6th rev. 2006).

<u>Requested Instruction No. 28</u>
(FMLA Retaliation – Pretext)

It is plaintiff's ultimate burden to prove that Lucent intentionally discriminated and/or retaliated against her.  If you disbelieve Lucent's stated reasons for its decisions and believe that the real reasons for Lucent's decisions were discrimination or retaliation, you should find for plaintiff.  However, if you believe that Lucent's stated reasons for its decisions are true, you should find for Lucent.

> Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:730 (6th rev. 2006); <u>Reeves v. Sanderson Plumbing Products, Inc.,</u> 530 U.S. 133, 143-148 (2000); <u>Texas Dept. of Community Affairs v. Burdine,</u> 450 U.S. 248, 256 (1981).

Requested Instruction No. 29
(FMLA Retaliation – Method of Proving Pretext)

Plaintiff can attempt to prove pretext directly by persuading you by a preponderance of the evidence that her FMLA leave was more likely the reason for Lucent's decision than the reason stated by Lucent.

Plaintiff also can attempt to prove that Lucent's stated reason for its decision to terminate her is a pretext by persuading you that it is just not believable.  However, it is not enough for plaintiff merely to prove that Lucent's stated reason for its decision was not the true reason.  Plaintiff always must prove by a preponderance of the evidence that she was terminated because of her FMLA leave.  Therefore, even if you decide that Lucent did not truly rely on the stated reason for its decision to terminate plaintiff, you cannot decide in favor of plaintiff without further evidence that FMLA leave was a motivating factor in Lucent's decision.

Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 8:740 (6th rev. 2006).

Requested Instruction No. 30
(FMLA Retaliation – Mixed Motive)


Plaintiff accuses Lucent of FMLA retaliation in violation of federal law.  Specifically, she claims that Lucent took adverse employment action against her because of her FMLA leave. To succeed on this claim, plaintiff must prove, by a preponderance of the evidence, that her FMLA leave was a motivating factor in Lucent's decision to take an adverse employment action against her.

It is not your role to second guess Lucent's business judgment.  Standing alone, honest errors in business judgment do not establish discrimination.  Even if you were to decide that an adverse employment action was neither fair nor wise nor professionally handled, that would not be enough.  In order to succeed on the retaliation claim, plaintiff must persuade you, by a preponderance of the evidence, that were it not for FMLA retaliation, she would not have suffered any adverse employment action.

If you find that plaintiff has not proven by a preponderance of the evidence that Lucent used plaintiff's FMLA leave in deciding to take any alleged adverse employment action, your verdict must be for Lucent.

But if you find that plaintiff has proven by a preponderance of the evidence that her FMLA leave was a motivating factor in Lucent's decision to take an adverse employment action, then the burden of proof shifts to Lucent to prove by a preponderance of the evidence that it would nevertheless have taken the same action even if it had not considered plaintiff's FMLA leave.  If you find that Lucent has not met this burden of proof, your verdict will be for plaintiff.

But, if you find that Lucent would have terminated plaintiff's employment due to her unexcused absences (including 503.5 unexecuted absences over the six years preceding her employment termination) regardless of plaintiff's FMLA leave, you must find for Lucent.

I have prepared a special verdict form to assist you in addressing these issues.

Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions § 3:272 (5th rev. 2006) (modified).

<u>Requested Instruction No. 31</u>
(Consider Damages Only If Necessary)

If the plaintiff has proven by a preponderance of the credible evidence that Lucent is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions</u>
<u>(Civil)</u>, 77-1 (Matthew Bender, 3d ed.)

<u>Requested Instruction No. 32</u>
(Damages)

If you find in favor of plaintiff then you must award the plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in her employment with Lucent if she had not been discharged on August 1, 2003 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time and the amount that plaintiff could have earned during that time if she had engaged in a reasonable job search.

Remember, throughout your deliberations, you must not award damages under this Instruction by way of punishment or through sympathy.

4 Sand, Siffert, Reiss, Batterman, <u>Modern Federal Jury Instructions (Civil)</u>, 88-150 (Matthew Bender, 3d ed.); <u>Johnson v. Spencer Press of Me., Inc.</u>, 364 F.3d 368, 379 (1st Cir. 2004).

Requested Instruction No. 33
(Liquidated Damages- Good Faith Defense)

If you find in favor of the plaintiff, then you must decide whether Lucent acted in good faith.  You must find that Lucent acted in good faith if you find by a preponderance of the evidence that when Lucent decided to terminate plaintiff's employment, Lucent reasonably believed that its actions complied with the Family and Medical Leave Act.

4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 88-151 (Matthew Bender, 3d ed.).

<u>Requested Instruction No. 34</u>
(Damages - Mitigation)

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment.  This is referred to as "mitigation of damages."

If you determine that plaintiff is entitled to damages, you must reduce these damages by:

1.  What plaintiff earned; and

2.  What plaintiff could have earned by reasonable effort during the period from plaintiff's discharge until the date of trial.

Plaintiff must search diligently for and accept employment that is "of a like nature."  In determining whether plaintiff has made a diligent search for employment and accepted employment that is "of a like nature," you may consider plaintiff's education, training, work experience, and the nature of plaintiff's work for Lucent and other previous employers, as well as the following qualities of potential jobs:

1.  The type of work;

2.  The hours worked;

3.  The compensation;

4.  The job security;

5.  The working conditions; and

6.  Other conditions of employment.

You must decide whether plaintiff acted reasonably in not seeking or accepting a particular job.  If you determine plaintiff did not make reasonable efforts to obtain another

similar job, you must decide what amount of her damages resulted from plaintiff's failure to do so.

You must not compensate plaintiff for any portion of plaintiff's damages resulting from plaintiff's failure to make reasonable efforts to reduce plaintiff's damages.

> 3C Kevin F. O'Malley, Federal Jury Practice and Instructions, §
> 179.61 (2002 Pocket Part re: FMLA cases) (modified).

Requested Instruction No. 35
(Unanimous Verdict)

You will now return to decide the case. In order to prevail, the plaintiff must sustain her burden of proof as I have explained to you with respect to each element of the complaint. If you find that the plaintiff has succeeded, you should return a verdict in her favor on that claim. If you find that the plaintiff failed to sustain the burden on any element of the claim, you should return a verdict against the plaintiff. (Similarly, if you find that the defendant has failed to sustain its burden with respect to any element of the defendant's affirmative defense you must return a verdict against the defendant on that defense.)

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

4 Sand, Siffert, Reiss, Batterman, Modern Federal Jury Instructions (Civil), 78-3 (Matthew Bender, 3d ed.).

Dated:  January 25, 2007

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

By:    ___/s/ Evan J. Spelfogel_____
Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
250 Park Avenue
New York, NY  10177
(212) 351-4500
Attorneys for Defendant