Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10177
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUANN P. GOULD,

                Plaintiff,

      – against –

LUCENT TECHNOLOGIES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 11118 (PBS)

**DEFENDANT'S PROPOSED <u>VERDICT SHEET</u>**

      Defendant Lucent Technologies, Inc., by its attorneys, Epstein, Becker & Green, P.C., respectfully requests that the annexed questions be submitted to and answered by the jury.

Dated: January 25, 2007

                              Respectfully submitted,

                              EPSTEIN BECKER & GREEN, P.C.

                By:    ___/s/ Evan J. Spelfogel_____
                            Evan J. Spelfogel (BBO# 474440)
                            Jamila A. Berridge (Admitted Pro Hac Vice)
                            250 Park Avenue
                            New York, NY  10177
                            (212) 351-4500
                            Attorneys for Defendant

NY:1583146v3

## VERDICT SHEET: Gould v. Lucent Technologies, Inc.

### Plaintiff's FMLA Interference with Rights Claim

1.    Did the FMLA Healthcare Provider's Report signed by Physician's Assistant Nicole May and submitted to Lucent by plaintiff on July 25, 2003 clearly indicate that plaintiff's daughter Shelby Gould was incapacitated for only twenty-four hours?

YES __     NO __

If you answered NO, you should answer question 2.  If you answered YES, do not answer any more questions.  Have your foreperson sign and date this form because you have completed your deliberations on both claims.

2.    Did the FMLA Healthcare Provider's Report signed by Physician's Assistant Nicole May and submitted to Lucent by plaintiff on July 25, 2003 clearly indicate that plaintiff's daughter Shelby Gould was incapacitated for a period of time of less than four days?

YES __     NO __

If you answered NO, you should answer question 3.  If you answered YES, do not answer any more questions.  Have your foreperson sign and date this form because you have completed your deliberations on both claims.

**Plaintiff's FMLA Retaliation Claim**

      3.    Did the plaintiff prove by a preponderance of the evidence that her excessive absenteeism was not the reason for her employment termination, and that Lucent terminated her employment because she requested leave covered by the FMLA?

      YES __      NO __

      If you answered YES, you should answer question 4. If you answered NO, proceed directly to question 5 but DO NOT answer question 6.

      4.    Did Lucent prove by a preponderance of the evidence it would have terminated plaintiff's employment for excessive absenteeism even if she had not requested leave covered by the FMLA?

      YES __      NO __

      If you answered NO, you should answer questions 5 and 6. If you answered YES, proceed to question 5 but DO NOT answer question 6.

## Damages

    5.    State the answer to each of the following questions:

       5a.  State the amount of any wages, salary, and employment benefits that plaintiff would have earned from her employment with Lucent from August 1, 2003 through today if she had not been discharged (as proven by a preponderance of the evidence): $_____

       5b.  State the amount that plaintiff received from August 1, 2003 through today for each category below (as proven by a preponderance of the evidence):

          (i) Unemployment benefits $_____

          (ii) Wages and salary earned $_____

          (iii) Employment benefits $_____

          Add the amounts in (i), (ii), and (iii) above and state the total for 5b here: $_____

       5c.  For each time period below, state the amount that plaintiff could have earned if she had engaged in a diligent search for employment (as proven by a preponderance of the evidence):

          (i)  Aug. 2003- Sept. 2003 $_____

          (ii) Oct. 2003-Dec. 2003 $_____

          (iii) Jan. 2004- Mar. 2004 $_____

          (iv) Apr. 2004-June 2004 $_____

          (v) Jul. 2004- Sept. 2004 $_____

          (vi) Oct. 2004-Dec. 2004 $_____

          (vii) Jan. 2005- Mar. 2005 $_____

          (viii) Apr. 2005-June 2005 $_____

    (ix) Jul. 2005- Sept. 2005 $_____

    (x) Oct. 2005-Dec. 2005 $_____

    (xi) Jan. 2006- Mar. 2006 $_____

    (xii) Apr. 2006-June 2006 $_____

    (xiii) Jul. 2006- Sept. 2006 $_____

    (xiv) Oct. 2006-Dec. 2006 $_____

    (xv) Jan. 2007- present $_____

  Add the amounts in (i) through (xv) above and state the total for 5c here: $_____

  5d.  Add the amount for 5b to the amount for 5c and state the total for 5d here: $_____

  5e.  Subtract the amount for 5d from the amount for 5a to arrive at the damages to be awarded for plaintiff's claims: $_____

  If you answered NO to question 3 or YES to question 4, DO NOT answer question 6.  Otherwise proceed to question 6.

   6. Did Lucent prove by a preponderance of evidence that when it decided to terminate plaintiff's employment, it acted in good faith and had reasonable grounds for believing that its actions were not in violation of the FMLA?

YES __  NO __

   6a.  If you answered YES, the amount stated in 5e is the total damages award for plaintiff's claims.

   6b.  If you answered NO, double the amount stated in 5e to arrive at the total damages to be awarded for plaintiff's claims: $_____

ALL ANSWERS WRITTEN ABOVE ARE THE UNANIMOUS VERDICT OF THE JURY:

            _____
            FOREPERSON

DATED: _____