Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (admitted Pro Hac Vice)
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York  10177
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LUANN P. GOULD, | : |
| Plaintiff, | : |
| | : 05 CV 11118 (PBS) |
| - against - | : |
| | : **DEFENDANT'S** |
| LUCENT TECHNOLOGIES, INC., | : **PROPOSED VOIR DIRE** |
| | : **QUESTIONS** |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., respectfully submits the following proposed voir dire questions.

## Case Summary

In this lawsuit the plaintiff, Luann Gould, alleges that the defendant, Lucent Technologies, violated her rights under the Family and Medical Leave Act ("FMLA") by denying her request that her one day of leave to care for her daughter who had been ill with conjunctivitis in July 2003 should be excused FMLA leave not counted against her absenteeism record.  Plaintiff also alleges that Lucent terminated her employment in retaliation for taking time off that she alleges was protected under the FMLA.  Lucent denies these allegations and states that the plaintiff has been treated lawfully.  Specifically, Lucent states that it denied plaintiff's request to classify her one day of leave as excused FMLA leave because the request

NY:1577202v2

did not meet the requirements of the FMLA, and terminated plaintiff's employment because of excessive absenteeism in accordance with Lucent's Absence Control Plan.

Further, Lucent states that well before plaintiff's employment termination, Lucent repeatedly counseled and warned plaintiff about her ongoing absenteeism problem. Neither the counseling and warnings nor plaintiff's job termination were influenced in any way by earlier FMLA leaves of absences (totaling 285.5 days) that Lucent granted to plaintiff from 1996 until her employment termination. Rather, Lucent's counseling, warnings and termination of plaintiff's employment were a result of excessive, unexcused absences (totaling 503.5 days) from 1996 until her employment termination that were not covered by the FMLA.

### Jurors' Familiarity with Parties

1. Do any of you know the plaintiff Luann Gould?

2. The defendant is Lucent Technologies, Inc., which is a company that provides products and services relating to voice, data and video communications.

   a. Have you, any member of your family or any of your friends ever had any personal or business dealings with Lucent? If so, please describe.

   b. Do you know anyone who has ever worked for Lucent?

   c. Is there any reason that you, a member of your family, or any of your close friends would have any ill feelings toward Lucent?

   d. Have you or any member of your family or any of your friends ever worked for any company in the technology or communications industries?

   e. Is there any reason that you, any member of your family or any of your close friends would have any ill feelings toward any company in the technology or communications industries?

   f. Do any of you have a fundamental objection to the technology or communications industries?

### Corporate Status

3. Lucent is a corporation. As such, it may have greater economic resources than the plaintiff. The relative economic resources of the plaintiff and the defendant are of no relevance whatsoever to the issues in this case, and this factor must not be allowed to enter into

your decision-making. Do any of you feel you cannot judge the evidence with complete indifference to the relative size and financial capabilities of the parties?

      4.    A corporation is treated identically before the law as is a natural person. Is there any one of you who feels that he or she would not be able to treat each party -- corporation and individual -- equally?

      5.    Would you grant monetary damages to plaintiff -- even if she fails to prove her case in accordance with the rules which I will explain to you later -- simply because the defendant is a corporation?

      6.    Do any of you feel sympathetic to or allied with persons who bring proceedings against corporations or other institutions in the courts or before government agencies?

      7.    Would any of you be less likely to believe testimony offered by the defendant's witnesses because defendant is a corporation or because those witnesses work for a corporation?

      8.    Would any of you be more likely to believe evidence offered by the plaintiff because she is an individual or because she is suing her employer?

      9.    Some of the witnesses who will be testifying in this case are current or former employees or agents of the defendant. Would you be less likely to believe sworn testimony from the defendant's current or former employees or agents.

### Knowledge of Case or Participants

      10.    Have any of you heard of or read about this case?

      11.    Would you tend to believe that something wrong was done to the plaintiff simply by virtue of the fact that she has brought a lawsuit?

      12.    Have you or any member of your immediate family worked for the Equal Employment Opportunity Commission or the Massachusetts Commission Against Discrimination? If so, please describe.

      13.    Do any of you know any of the attorneys or law firms in this case?

      a.    Linda A. Harvey and Robert R. Thomas of Harvey Kleger & Thomas will represent the plaintiff.

      b.    Evan Spelfogel and Jamila A. Berridge of Epstein Becker & Green will represent the defendant.

      14.    I am going to read a list of names of people who may be called as witnesses in this case. While we expect that not all of these potential witnesses will testify in

this trial, we need to learn from you if you know any of them.  Please raise your hand if you think you know anyone on this list:

- Luann Gould

- Pyong W. Deletis

- Katherine A. Campbell

- Margaret L. ("Peggy") Blumer

- Brian Ahern

- Dr. Thomas J. Cammilleri

- Nicole May

- Steven Sickel

- Janice Danese

- Leon (Lee) Pratt

- Mark Savelloni

### **Jurors' Backgrounds**

15. The parties are entitled to know about your individual backgrounds to help them assess whether you will be able to be impartial in deciding this case.  I would like to ask each member of the panel to state his or her occupation and place(s) of employment for the past 10 years, and I will ask you certain questions about your job.  [Ask individual jurors:]

a. What jobs have you held in the past 10 years?

b. Where do you work now?

c. How long have you worked there?

d. What is your job title?

e. What type of work do you do?

f. Do you like your job?

g. If you have worked at your current job for less than 3 years, answer questions b through f for the job you held immediately preceding your current job.

h. If you are <u>retired</u>, at what age did you retire?  Under what circumstances did you retire (voluntary, involuntary, layoffs?)

         i.      If unemployed, how long and under what circumstances did you become unemployed?

    16.     Are you married? Is your spouse employed? If so, where? What job? If unemployed: duration and circumstances?

    17.     Do you have children? Do they work? If so, where? What job[s]?

    18.     How far did you go in school? Your spouse? Your children?

    19.     Have you worked for any corporations?

    20.     Have you ever worked multiple jobs?

    21.     Have you ever had to make child care arrangements so that you could work?

    22.     If yes, have you ever had any difficulty with making these arrangements? Please describe.

    23.     Do you have any experience running your own business? If so, describe that business.

    24.     Did you ever supervise employees? If so, how many? In what functions?

    25.     Have you, your friends, or any member of your family ever been involuntarily terminated from a job? What were the circumstances?

    26.     Have you ever belonged to a labor union? If yes, did you have any position with the union, such as a shop steward? Did you leave the union? Why?

### Jurors' Experience with FMLA

    27.     Have you ever heard of the Family and Medical Leave Act, also called the FMLA?

         a.      Do you know the purpose of the FMLA?

         b.      If so, what is your understanding of its purpose?

         c.      Are you familiar with FMLA leave?

         d.      Are you familiar with the standards that apply to whether an employee is entitled to take FMLA leave?

         e.      If so, what is your understanding of those standards?

         f.      Have you, your spouse, or one of your parents, siblings or children ever requested FMLA leave?

       g.      If so, was the request granted or denied?

       h.      Were you, or your family member who requested the leave, satisfied with the outcome?  Why or why not?

       i.      Did you feel the outcome was fair?  Why or why not?

       j.      Did you feel that the employer acted lawfully in deciding whether or not to grant the request for FMLA leave?  Why or why not?

### **Jurors' Experience with Discrimination Claims**

28.    Have you, your spouse, or one of your parents, siblings or children ever believed that he/she had been discriminated against by his/her employer or by any employer?  If so:

       a.      On what do you, or they, base the claim of discrimination?

       b.      Was a charge filed with any state or local government agency?

       c.      Was the charge resolved favorably to the complainant?

       d.      Was a lawsuit ever filed in state or federal court?  If so:

              (1)    Did the lawsuit go to trial?

              (2)    Was the case tried before a jury?

              (3)    Was the case resolved favorably to the plaintiff?

              (4)    How did you feel about the judicial process after the lawsuit settled or was determined by the court/jury?

29.    Has anyone on the panel ever believed that his or her employer treated him/her unfairly or unlawfully?  If so, what made you feel this way?

30.    Have you ever filed a grievance or complaint with your employer or your union based on some unfair treatment or discrimination?  If yes, provide details.

31.    Do you think there is a widespread discrimination against employees in the American workplace?  Why do you think that?

### **Juror's Experience with Legal System**

32.    I will explain this in greater detail to you later in the trial.  However, you should be aware that, in general, the law provides that the plaintiff always has what is called the "burden of proof," that is, the plaintiff ultimately has to convince you that she was discriminated against.  Lucent does not have to prove she was not discriminated against.  Do any of you have

any difficulty accepting and applying that essential principle of law, whether or not you agree with it?

33. Have you ever been accused of discriminating against an employee? If yes, will that influence the way you review the evidence?

34. Has anyone ever sued or been sued in court in any type of case including an employment discrimination case? If so:

    a. What type of case was it?

    b. Were you the person suing or the person being sued?

    c. Who was the other party in the lawsuit?

    d. Was the case before a judge or jury?

    e. How did the court/jury rule?

    f. How did the handling of your case make you feel about the judicial process in general?

35. Have any of you ever served on a jury before? If so:

    a. When?

    b. What type of case?

    c. Which party won the case?

    d. How did you feel about the way the lawyers conducted themselves?

36. Sometimes a natural reaction is to "feel sorry" for a plaintiff in a lawsuit. Would you allow any sympathy you might have for the plaintiff to affect your decision in this case?

37. The functions of the judge and jury are very different. You as jurors -- and only you -- decide the facts, that is, what happened. The judge -- and only the judge -- decides the law. I will tell you what the applicable law is at the close of the case, and you must apply that law to the facts as you find them whether or not you agree with the law, or think it is wise or just or fair. You do not have any choice in that regard. Can each of you follow this instruction without any reservation?

38. Is there anything at all that any of you can think of that would prevent you from being completely fair and impartial in this case?

- 8 -

Dated: New York, New York
       January 25, 2007

                                          EPSTEIN BECKER & GREEN, P.C.

                                    By:  /s/ Evan J. Spelfogel
                                            Evan J. Spelfogel  (BBO# 474440)
                                            Jamila A. Berridge (Admitted Pro Hac Vice)
                                            250 Park Avenue
                                            New York, New York  10177-1211
                                            (212) 351-4500
                                            Attorneys for Defendant