Linda A. Harvey (BBO #547994)
Robert R. Thomas (BBO #639402)
Harvey, Kleger & Thomas
184 Pleasant Valley Street – Suite 1-204
Methuen, Massachusetts 01844
Tel. 978-686-9800
Attorneys for Plaintiff Luann P. Gould

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------- x
Luann Gould,                          :
                                      :
                     Plaintiff,       :    05 CV 11118 (PBS)
                                      :
           – v. –                     :
                                      :
Lucent Technologies, Inc.,            :
                                      :
                                      :
                     Defendant.       :
------------------------------------- X

## Proposed Jury Instructions

The Plaintiff, Luann Gould, submits her proposed jury instructions numbered 1 through 6 to the Court.

## Proposed Jury InstructionNo. 1

### Unlawful violation of FMLA

Your verdict must be for the Plaintiff (and against the Defendant) if all of the following elements have been proved by the preponderance of the evidence:

First, plaintiff's daughter Shelby Gould had a serious health condition as defined in Instruction No. 3; and

    Second, plaintiff was needed to care for Shelby Gould; and

    Third, plaintiff was absent from work on July 7, 2003 to care for Shelby Gould;

    Fourth, plaintiff gave appropriate notice of her need to be absent from work; and

1

Fifth, defendant discharged plaintiff; and

Sixth, plaintiff's absence from work was the determining factor in defendant's decision to discharge the plaintiff.

However, your verdict must be for the defendant if any of the above elements has not been proved by a preponderance of the evidence.

```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------ x
Luann Gould,                   :
                               :
                    Plaintiff, :    05 CV 11118 (PBS)
                               :
          – v. –               :
                               :
Lucent Technologies, Inc.,     :
                               :
                               :
                    Defendant. :
------------------------------ X
```

**<u>Proposed Jury Instruction No. 2</u>**

FMLA – Retaliation

Plaintiff claims that Defendant discriminated against her because Plaintiff lawfully attempted to take advantage of leave provided under the FMLA. Plaintiff claims that the defendant interfered with and restricted Plaintiff's lawful rights under FMLA.

In order to prevail on this claim, Plaintiff must prove all of the following elements by a preponderance of the evidence:

First:   Plaintiff asserted rights under the Family and Medical Leave Act by requesting leaves of absence on May 5-6, 2003 and July 7, 2003 to care for her daughter.

Second:  Plaintiff was subjected to a tangible adverse employment action, i.e. termination, on August 1, 2003, shortly after requesting and taking July 7, 2003 as a FMLA day.

Third:   There was a causal connection between the termination and plaintiff's request for an FMLA-approved absence on July 7, 2003.

1

Concerning the first element, Plaintiff need not prove the merits of any FMLA claim, but only that she was acting under a good faith belief that her rights under FMLA were violated.

Concerning the second element, a tangible employment action is defined as a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

Concerning the third element, that of causal connection, that connection may be shown in many ways. For example, you may or may not find that there is a sufficient connection through timing, that is defendant's action followed shortly after defendant became aware of plaintiff's request for FMLA leave on July 7, 2003.

Causation is, however, not necessarily ruled out by a more extended passage of time. Causation may or may not be proved by antagonism shown toward plaintiff or a change in demeanor toward plaintiff.

Ultimately, you must decide whether plaintiff's request for leave on July 7, 2003 had a determinative effect on Defendant's employment decision. "Determinative effect" means that if not for plaintiff's protected activity, the adverse employment action would not have occurred.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Luann Gould,

        Plaintiff,  : 05 CV 11118 (PBS)

     – v. –

Lucent Technologies, Inc.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## Proposed Jury Instruction No. 3

"Serious Health Condition"

The phrase a "serious health condition" as used in these instructions means an illness, injury, impairment or physical or mental condition that involves either (1) inpatient care in a hospital, hospice, or residential medial care facility, or 2) continuing treatment by a health care provider (as defined in Instruction No. 4).

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Luann Gould,

                   Plaintiff,        05 CV 11118 (PBS)

        – v. –

Lucent Technologies, Inc.,

                   Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## Proposed Jury Instruction No. 4

"Health Care Provider"

As used in these instructions the phrase "health care provider" includes doctor of medicine, nurse practitioner, nurse mid-wife, or clinical social worker, so long as the provider is authorized to practice in the State and is performing within the scope of his or her practice.

```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------- x
Luann Gould,                          :
                                      :
                    Plaintiff,        :   05 CV 11118 (PBS)
                                      :
        – v. –                        :
                                      :
Lucent Technologies, Inc.,            :
                                      :
                                      :
                    Defendant.        :
------------------------------------- X
```

## **Proposed Jury Instruction No. 5**

"Needed to Care for" – taken from 29 C.F.R. section 825.116(a) – (b).

An employee is "needed to care for" a daughter with a serious health condition (as defined in Instruction No. 3) when the daughter is unable to care for her own basic medical, hygienic or nutritional needs or safety; or is unable to transport herself to the doctor. The phrase also includes providing psychological comfort and reassurance which would be beneficial to a family member with a serious health condition (as defined in Instruction No. 3) who is receiving in-patient or home care. The phrase also includes situations where the employee may be needed to fill in for others who are caring for the family member, or to make arrangements for changes in care, such as transfer to a nursing home.

```
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------- x
Luann Gould,                          :
                          Plaintiff,  :    05 CV 11118 (PBS)
              – v. –                  :
Lucent Technologies, Inc.,            :
                          Defendant.  :
------------------------------------- x
```

### Proposed Jury Instruction No. 6

FMLA – Actual Damages

If you find in favor of the plaintiff under Instruction No. 1 of No. 2, then you must award plaintiff the amount of any wages, salary, and employment benefits plaintiff would have earned in her employment with defendant if she had not been discharged on August 1, 2003, through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.

You are also instructed that plaintiff has a duty under the law to "mitigate" her damages – that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if you find by a preponderance of the evidence that plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.