Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10021
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| LUANN P. GOULD, | : |
| Plaintiff, | :   05 CV 11118 (PBS) |
| | : |
| – against – | :   **DEFENDANT'S OPPOSITION TO** |
| | :   **PLAINTIFF'S MOTION IN** |
| LUCENT TECHNOLOGIES, INC., | :   **LIMINE** |
| Defendant. | : |
| | : |
| | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., submits this Opposition to Plaintiff's Motion In Limine. Lucent reserves the right to modify or supplement its Opposition should Plaintiff seek to propose additional jury instructions.

## BACKGROUND

      Plaintiff's Motion in Limine seeks to preclude Lucent from "introducing into evidence, referring to, or otherwise using at trial certain documents, such as records of other Lucent employees who have requested and/or been granted FMLA leave, and records concerning

Lucent employees who reached Level V of the Absence Control Plan, which were not timely produced in response to Plaintiff's discovery requests."

Lucent responded to Plaintiff's Interrogatories on May 18, 2006 and to Plaintiff's Document Requests on March 31, 2006.  For the Court's reference, Lucent has attached its Responses and Objections to Plaintiff's First Set of Interrogatories (Exhibit A) and its Responses and Objections to Plaintiff's First Request for the Production of Documents (Exhibit B).  Plaintiff's original interrogatories and document requests have been copied into Exhibit A and Exhibit B, respectively.

Based on Plaintiff's Motion in Limine, the only relevant interrogatories are numbers 5, 6, and 10 and the only relevant document requests are numbers 1 and 10.  These interrogatories and document requests, along with Defendant's responses,[1] were as follows:

Interrogatory No. 5:

Identify, from 2000 to 2004, which Lucent employees at the North Andover, Massachusetts facility were terminated because of excessive absenteeism.

Response to Interrogatory No. 5:

Defendants object to Interrogatory No. [5] on the grounds set forth in General Objections 1 [irrelevant and not reasonably calculated to lead to the discovery of admissible evidence], 4 [vague and ambiguous], and 6 [seeks personal and/or confidential information pertaining to non-parties to the litigation].

---

[1]     Defendant's responses include numbers which correspond to general objections referenced earlier in the documents.  Summaries of these objections have been added in bracketed language.  The full text of these objections is available in the attached exhibits.

Interrogatory No. 6:

        For each calendar year from 1996 to 1998, please indicate the total number of Lucent employees at the North Andover, Massachusetts facility, the number terminated in those years; of those terminated, the number who had recognized disabilities, those who had serious medical conditions, those who had requested FMLA leave from work, those who suffered an adverse ratings in their attendance ratings but were not terminated.

Response to Interrogatory No. 6:

        Defendants object to Interrogatory 6 on the grounds set forth in General Objections 1 [irrelevant and not reasonably calculated to lead to the discovery of admissible evidence], 3 [overbroad and imposes undue burden], 4 [vague and ambiguous], 5 [requests confidential and/or privileged information], 6 [seeks personal and/or confidential information pertaining to non-parties to the litigation], and 7 [exceeds scope of permissible discovery].

Interrogatory No. 10:

        In the production manufacturing area at Lucent where Luann Gould worked, how many employees were terminated each [year][2] since 2000 for absenteeism?

Response to Interrogatory No. 10:

        Defendant objects to Interrogatory [10] on the grounds set forth in General Objections 1 [irrelevant and not reasonably calculated to lead to the discovery of admissible evidence], 4 [vague and ambiguous], and 6 [seeks personal and/or confidential information pertaining to non-parties to the litigation].

        Subject to and notwithstanding the foregoing objections, Defendant identifies 8 employees who had been terminated for absenteeism.

---

[2]    Omitted in original.

Document Request No. 1:

All documents which the Defendant shall seek to introduce at trial in this matter.

Response to Document Request No. 1:

Defendant objects to Request No. 1 on the grounds set forth in General Objections Nos. 6 [requests confidential and/or privileged information] and 8 [exceeds scope of permissible discovery]. Subject to and without waiving the foregoing objections, it is too premature at this time to respond to this Request.

Document Request No. 10:

All documents which Defendant refers to in answering Plaintiffs First Request for Defendant's Answers to Interrogatories.

Response to Document Request No. 10:

Defendant objects to Request No. 10 on the grounds set forth in General Objection 1 [irrelevant and not reasonably calculated to lead to the discovery of admissible evidence], 2 [not limited in time and scope], 3 [overbroad and imposes undue burden], 4 [vague and ambiguous], 5 [seeks documents not in Defendants' possession, custody, or control], 6 [requests confidential and/or privileged information], 7 [seeks personal and/or confidential information pertaining to non-parties to the litigation], 8 [exceeds scope of permissible discovery], and 9 [seeks public documents readily available to Plaintiff].

## **ARGUMENT**

### I.    THIS COURT SHOULD DENY PLAINTIFF'S MOTION IN LIMINE BECAUSE DEFENDANT RESPONDED APPROPRIATELY TO PLAINTIFF'S DISCOVERY REQUESTS

As evidenced above, Lucent responded appropriately to Plaintiff's discovery requests. All of Lucent's objections were based upon permissible grounds and were intended to clarify and/or appropriately limit the scope of Plaintiff's requests. If Plaintiff was dissatisfied with Defendant's responses, she was obligated to promptly clarify her requests or challenge

Defendant's objections.  It is now far too late for her to do so on the eve of trial, as Defendant

would be irreparably harmed.


## **CONCLUSION**

Based upon the foregoing, Lucent respectfully requests that this Court deny

Plaintiff's Motion in Limine.


Dated:          January 30, 2006


                              EPSTEIN BECKER & GREEN, P.C.

                              By:  /s/ Evan J. Spelfogel
                                   Evan J. Spelfogel (BBO# 474440)
                                   Jamila A. Berridge (Admitted Pro Hac Vice)
                              250 Park Avenue
                              New York, New York  10177-1211
                              (212) 351-4500
                              Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Luann Gould,,     :

              Plaintiff,     :

                          :    05 CV 11118 (PBS)

         - v. -               :

                          :

Lucent Technologies, Inc.,     :

              Defendant.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT' S RESPONSES TO PLAINTIFF'S REVISED SET OF INTERROGATORIES TO THE DEFENDANTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., provides the following responses and objections to Plaintiff's First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

1.      Defendant objects to these Interrogatories to the extent that they do not seek information that is relevant to any claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to these Interrogatories to the extent that they are not limited in time and scope.

3.      Defendant objects to these Interrogatories to the extent that they are so overbroad that they impose an undue burden upon Lucent.

4.       Defendant objects to these Interrogatories to the extent that they are vague and ambiguous.

5.       Defendant objects to these Interrogatories to the extent that they request information that is confidential and/or protected from discovery by the attorney-client privilege, work product doctrine, self-critical analysis privilege or other recognized privilege against disclosure.   In the event that a particular request calls for production of such information, defendants will identify the information in accordance with Fed. R. Civ. P. 26(b)(5).  Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Defendant's right to object to the use of any document or the information contained therein during any subsequent proceeding.

6.       Defendant objects to these Interrogatories to the extent that they seek personal and/or confidential information pertaining to non-parties to the litigation.

7.       Defendant objects to these Interrogatories to the extent that the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure or the Local Civil Rules of the United States Court for the Eastern District of New York, or any other applicable rules.

## COMMENTS AND QUALIFICATIONS

The responses set forth herein are made without waiving the following:

1.      Defendant's right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information that may hereinafter be produced in response to these Interrogatories, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action.

2.      Defendant's right to object, on any and all grounds at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of the interrogatories responded to herein.

3.      Defendant's right at any time to supplement, revise, correct, or clarify any of the responses or objections to these Interrogatories.

4.      Defendant's responses and objections are subject to the General Objections delineated above.  The production of information encompassed within defendants' General Objections shall not be deemed a waiver of these objections.

## INTERROGATORY RESPONSES

Interrogatory No. 1:

State the name and address of the person(s) providing answers to these interrogatories and assisting in providing answers to these interrogatories.

Response to Interrogatory No. 1:

Katherine A. Campbell
c/o Lucent Technologies

Interrogatory No. 2:

State the name, address, and telephone number of each and every person who has or purports to have knowledge of any of the facts or defenses set forth in your Answer to the Complaint.

<u>Response to Interrogatory No. 2:</u>

    Pyong W. Deletis
    c/o Lucent Technologies

    Katherine A. Campbell
    c/o Lucent Technologies

    Margaret L. Blumer
    c/o Lucent Technologies

    Brian Ahern
    c/o Lucent Technologies

    Steven Sickel
    c/o Lucent Technologies

    Luann Gould

<u>Interrogatory No. 3:</u>

    Please identify all Lucent managers or supervisors who were involved in the decision to terminate Luann Gould's employment in 2003, and the reasons for such termination.

<u>Response to Interrogatory No. 3:</u>

    Kathie Campbell

    Denise Demers

    Jan Danese

    Sue Rocha

    Doug Cokely

    Steve Sickel

    Naji Wakim

    E. Kneeland

    John Lindberg

    Pyong Deletis

Brian Ahern

See also document bate stamped DEF 00055, which has already been produced.

Interrogatory No. 4:

Identify any and all Lucent managers, including human resource managers or consultants, responsible for overseeing fair employment practices, FMLA compliance, or SNLA compliance at Lucent in its North Andover facility from 2000 to 2003.

Response to Interrogatory No. 4:

Defendant objects to Interrogatory No. 4 on the grounds set forth in General Objections 3 and 4.

Subject to and notwithstanding the foregoing objections, Defendant identifies Human Resources Representative Jeannine Cormier.

Interrogatory No. 5:

Identify, from 2000 to 2004, which Lucent employees at the North Andover, Massachusetts facility were terminated because of excessive absenteeism.

Response to Interrogatory No. 5:

Defendants object to Interrogatory No. 6 on the grounds set forth in General Objections 1 , 4, and 6.

Interrogatory No. 6:

For each calendar year from 1996 to 1998, please indicate the total number of Lucent employees at the North Andover, Massachusetts facility, the number terminated in those years; of those terminated, the number who had recognized disabilities, those who had serious medical conditions, those who had requested FMLA leave from work, those who suffered an adverse ratings in their attendance ratings but were not terminated.

Response to Interrogatory No. 6:

Defendants object to Interrogatory 6 on the grounds set forth in General Objections 1, 3, 4, 5, 6, and 7.

Interrogatory No. 7:

Each year since 2000, state which Lucent employees from the North Andover facility filed formal charges with MCAD, EEOC, DOL, or sued in court, raising any issues of discrimination or wrongful termination or violation of FMLA against Lucent.

Response to Interrogatory No. 7:

Defendants object to Interrogatory 7 on the grounds set forth in General Objections 1 and 6.

Interrogatory No. 8:

For year since 2000, how many union grievances or arbitrations were filed against Lucent by its North Andover employees alleging wrongful termination or violation of the FMLA?

Response to Interrogatory No. 8:

Defendant objects to Interrogatory 8 on the grounds set forth in General Objections 1, 4, 5, and 6.

Interrogatory No. 9:

In each year since 2000, how many union grievants or complainants were successful in regaining their employment from an initial adverse decision of suspension or termination by the company?

Response to Interrogatory No. 9:

Defendant objects to Interrogatory 9 on the grounds set forth in General Objections 1, 4, 6.

Interrogatory No. 10:

In the production manufacturing area at Lucent where Luann Gould worked, how many employees were terminated each since 2000 for absenteeism?

Response to Interrogatory No. 10:

Defendant objects to Interrogatory 9 on the grounds set forth in General Objections 1, 4, 6..

Subject to and notwithstanding the foregoing objections, Defendant identifies 8 employees who had been terminated for absenteeism.

Interrogatory No. 11:

For which employees was Pyong Deletis involved, as supervisor or manager, in that employee's demotion, suspension or termination from Lucent from Jan. 1, 2000 to December 31, 2003?

Response to Interrogatory No. 11:

Defendant objects to Interrogatory 11 on the grounds set forth in General Objections 1, 4, and 6.

Interrogatory No. 12:

Since January 1, 2000, identify any employees or former employees at Lucent in North Andover that have formally complained, grieved or sued the company under the Family and Medical Leave Act (FMLA) or the Mass. Small Necessities Leave Act (SNLA).

Defendant objects to Interrogatory 12 on the grounds set forth in General Objections 1 and 6.

Interrogatory No. 13:

For which employees was Margaret Blumer involved, as a supervisor, manager, or consultant, in recommending that employee's demotion, suspension or termination from Lucent in its North Andover facility from 2000 to the present time?

Response to Interrogatory No. 13:

Defendant objects to Interrogatory 13 on the grounds set forth in General Objections 1, 4 and 6.

Subject to and notwithstanding the foregoing objections, Defendant asserts that Ms. Blumer did not recommend that any employee be demoted, suspended or terminated from Lucent.

Interrogatory No. 14:

Identify the Lucent manager(s) responsible for medical leave compliance issues at Lucent's North Andover facility in years 1996 through 2003.

Response to Interrogatory No. 14:

Defendant objects to Interrogatory 14 on the grounds set forth in General Objections 1 and 4.

Subject to and notwithstanding the foregoing objections, Defendant asserts that Peggy. Blumer, among others, was responsible for medical leave compliance.

Interrogatory No. 15:

Identify who at Lucent was responsible for informing Lucent's North Andover employees of their rights and responsibilities each year with respect to discrimination issues, FMLA and SNLA leave, from 1998 to 2005.

Response to Interrogatory No. 15:

Defendant objects to Interrogatory 15 on the grounds set forth in General Objections 1, 3, and 4.

Subject to and notwithstanding the foregoing objections, Defendant will provide this information.

Interrogatory No. 16:

Was Luann Gould eligible to request FMLA leave or SNLA leave in 2003?

Response to Interrogatory No. 16:

Defendant objects to Interrogatory 16 on the grounds set forth in General Objection 1.

Subject to and notwithstanding the foregoing objections, Defendant asserts that Plaintiff was eligible for, and had in fact received, FMLA and SNLA leave in 2003.

Interrogatory No. 17:

Had Luann Gould taken any SNLA leave in the 12 month period ending in August 1, 2003?

Response to Interrogatory No. 17:

Defendant objects to Interrogatory 17 on the grounds set forth in General Objection 1.

Subject to and notwithstanding the foregoing objections, as permitted under the Small Necessities Leave Act, Lucent substitutes leave under this statute with personal leave. Plaintiff used all of her earned personal leave in 2003.

Interrogatory No. 18:

        Did Luann Gould have an unused balance of vacation, personal, sick, or SNLA time at the time of her termination on August 1, 2003?

Response to Interrogatory No. 18:

        Defendant objects to Interrogatory 18 on the grounds set forth in General Objection 1.

        Subject to and notwithstanding the foregoing objections, Plaintiff used all accrued vacation, personal, sick and SNLA benefits which she was entitled to by the time of her termination in August 2003.

Interrogatory No. 19:

        If the answer to Interrogatory 18 is yes, describe the nature of available time and why it was not used toward reducing the Plaintiff's level of absence in July or August, 2003.

Response to Interrogatory No. 19:

        See Response to Interrogatory No. 18.

Interrogatory No. 20:

        Please identify by name and position Lucent employees at the North Andover, Mass. Facility who have been terminated and then rehired by the company in any years since 2000.

Response to Interrogatory No. 20:

        Defendant objects to Interrogatory 20 on the grounds set forth in General Objections 1, 3, and 6.

Interrogatory No. 21:

        Identify any and all witnesses, including expert witnesses, you expect to testify at trial on your behalf.

<u>Response to Interrogatory No. 21:</u>

It is too premature at this time to respond to Interrogatory No. 21.

Dated: New York, New York
       May 18, 2006

                                EPSTEIN BECKER & GREEN, P.C.

                                By: _____
                                     Evan J. Spelfogel (BBO 474440)
                                     Robyn Ruderman (admitted pro hac vice)
                                250 Park Avenue
                                New York, New York  10177-1211
                                (212) 351-4500
                                Attorneys for Defendant

To:    Linda A. Harvey
       Robert R. Thomas
       184 Pleasant Valley St. – Suite 1-204
       Methuen, MA 01844
       (978)686-9800

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Luann Gould,,

Plaintiff,

- v. -

Lucent Technologies, Inc.,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

: 05 CV 11118 (PBS)
:
:
: **DEFENDANT'S RESPONSES**
: **AND OBJECTIONS TO**
: **PLAINTIFF'S FIRST**
: **REQUEST FOR**
: **PRODUCTION OF**
: **DOCUMENTS**
:

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26.5 and 34.1 of the Local Rules of the United States District Court for the District of Massachusetts ("Local Rules"), Lucent Technologies, Inc. ("Lucent" or "Defendant"), by its attorneys, Epstein Becker & Green, P.C., provides the following responses and objections to Plaintiff's First Request for the Production of Documents ("Requests").

## GENERAL OBJECTIONS

1.     Defendant objects to the Requests on the grounds that they do not seek information that is relevant to any claims or defenses in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to the Requests to the extent that they are not limited in time and scope.

3.     Defendant objects to the Requests to the extent that they are so overbroad that they impose an undue burden upon the defendant.

4.     Defendant objects to the Requests to the extent that they are vague and ambiguous.

5.     Defendant objects to the Requests to the extent they seek documents that are not in Defendants' possession, custody, or control.

6.     Defendant objects to the Requests to the extent that they request information that is confidential and/or protected from discovery by the attorney-client privilege, work product doctrine, self-critical analysis privilege or other recognized privilege against disclosure.   In the event that a particular request calls for production of such information, defendants will identify the information in accordance with Fed. R. Civ. P. 26(b)(5).   Inadvertent identification or production of any such document or information shall not constitute a waiver of any privilege with respect to the subject matter thereof or the information contained therein, and shall not waive Lucent's right to object to the use of any document or the information contained therein during any subsequent proceeding.

7.     Defendant objects to the Requests to the extent that they seek personal and/or confidential information pertaining to non-parties to the litigation.

8.     Defendant objects to the Requests to the extent that they exceed the scope of discovery permitted under the Federal Rules of Civil Procedure or the Local Rules, or any other applicable rules.

9.     Defendant objects to the Requests to the extent they request public documents that are as readily available to plaintiff as they are to defendants.

## COMMENTS AND QUALIFICATIONS

The responses set forth herein are made without waiving the following:

1.      Defendant's right to object on the grounds of competency, privilege, relevancy, materiality, or any other proper ground, to the use of any information that may hereinafter be produced in response to the  Requests, for any purpose, in whole or in part, in any subsequent step or proceeding in this action or in any other action.

2.      Defendant's right to object, on any and all grounds at any time, to other document requests or other discovery procedures involving or relating to the subject matter of the Requests responded to herein.

3.      Defendant's right at any time to supplement, revise, correct, or clarify any of the responses or objections to the Requests.

4.      In responding to the Requests, Defendant has endeavored to ensure the accuracy of the placement of a particular document into a given category; however, the groupings have been made without prejudice and are not to be deemed exclusive.

5.      Defendant's responses and objections are subject to the General Objections delineated above.  The production of information encompassed within Defendant's General Objections shall not be deemed a waiver of these objections.

6.      Defendants' objections and comments are incorporated into each response herein as if they were set forth in their entirety.  Counsel for Lucent is prepared to discuss these objections and those set forth in any specific request with Plaintiff's counsel in an effort to clarify the discovery requests, narrow the scope of discovery requests that are overbroad and

burdensome or otherwise cooperate with Plaintiff in pursing a reasonable course of discovery herein, and invites Plaintiff's counsel to commence such discussions.

## DOCUMENTS TO BE PRODUCED

### Document Request No. 1:

All documents which the Defendant shall seek to introduce at trial in this matter.

### Response to Document Request No. 1:

Defendant objects to Request No. 1 on the grounds set forth in General Objections Nos. 6 and 8. Subject to and without waiving the foregoing objections, it is too premature at this time to respond to this Request.

### Document Request No. 2:

All documents relating to or surrounding Ms. Gould's termination from Lucent on August 1, 2003.

### Response to Document Request No. 2:

Defendant objects to Request No. 2 on the grounds set forth in General Objection 2 and 4 .

Subject to and notwithstanding the foregoing objections, documents responsive to this Request will be produced.

### Document Request No. 3:

All documents relating to Ms. Gould's warnings or suspensions, if any, from Lucent from January 1, 2003 to August 1, 2003.

### Response to Document Request No. 3:

Documents responsive to this Request will be produced.

**Document Request No. 4:**

        All documents, including emails, notes, and correspondence relating to the Plaintiffs attendance or requests for leave in 2003, such documents between Margaret Blumer and any other Lucent Manager, including but not limited to Pyong Deletis, Brian Ahern, Steve Sickel, or any other of Ms. Gould's managers, supervisors, department heads, section heads, or Human Resources personnel.

**Response to Document Request No. 4:**

        Defendant objects to Request No. 4 on the grounds set forth in General Objection 3 and 4.

        Subject to and notwithstanding the foregoing objections, documents responsive to this Request will be produced.

**Document Request No. 5:**

        All documents reflecting the presentation, discussion, or consideration by Lucent of the Small Necessities Leave Act (SNLA) as it would apply to Ms. Gould's requests for leave in 2003 or 2002.

**Response to Document Request No. 5:**

        Defendant objects to Request No. 5 on the grounds set forth in General Objection 4.

        Subject to and notwithstanding the foregoing objections, documents responsive to this Request will be produced.

**Document Request No. 6:**

        All documents received by Lucent relating to Plaintiffs request for leave from work due to her daughter's illnesses in March, May, and July, 2003.

**Response to Document Request No. 6:**

        Documents responsive to this Request will be produced.

**Document Request No. 7:**

All documents, including posters, training manuals, employee manuals, or employee handbooks relating to the applicability of FMLA to union workers such as Ms. Gould, in Lucent's North Andover facility in 2002 and 2003.

**Response to Document Request No. 7:**

Defendant objects to Request No. 7 on the grounds set forth in General Objection 2, 3 and 4.

Subject to and notwithstanding the foregoing objections, documents responsive to this Request will be produced.

**Document Request No. 8:**

All documents, including posters, training manuals, employee manuals, or employee handbooks relating to the applicability of SNLA to union workers such as Ms. Gould., in Lucent's North Andover facility in 2002 and 2003.

**Response to Document Request No. 8:**

Defendant objects to Request No. 8 on the grounds set forth in General Objection 2, 3 and 4.

Subject to and notwithstanding the foregoing objections, documents responsive to this Request will be produced.

**Document Request No. 9:**

All documents indicating the names of employees at Lucent's North Andover facility who requested and/or were approved for SNLA time off in 2002 and 2003.

**Response to Document Request No. 9:**

Defendant objects to Request No. 9 on the grounds set forth in General Objection 1, 3, 7, and 8.

**Document Request No. 10:**

All documents which Defendant refers to in answering Plaintiffs First Request for Defendant's Answers to Interrogatories.

**Response to Document Request No. 10:**

Defendant objects to Request No. 10 on the grounds set forth in General Objection 1, 2, 3, 4, 5, 6, 7, 8, and 9.

Dated: New York, New York
        March 31, 2006

EPSTEIN BECKER & GREEN, P.C.

By: _____
        Evan J. Spelfogel
        Robyn Ruderman (6891)
        250 Park Avenue
        New York, New York  10177-1211
        (212) 351-4500
        Attorneys for Defendant

To:     Linda A. Harvey
        Robert R. Thomas
        Harvey & Kleger
        184 Pleasant Valley St. Suite 1-204
        Methuen, Massachusetts 01844
        (978) 686-9800