Evan J. Spelfogel (BBO# 474440)
Jamila A. Berridge (Admitted Pro Hac Vice)
Epstein Becker & Green
250 Park Avenue
New York, NY 10021
(212) 351-4500
Attorneys for Defendant
Lucent Technologies, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

LUANN P. GOULD,

                Plaintiff,

    – against –

LUCENT TECHNOLOGIES, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

05 CV 11118 (PBS)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

       Defendant Lucent Technologies, Inc. ("Lucent"), by its attorneys, Epstein Becker & Green, P.C., submits this Opposition to Plaintiff's Proposed Jury Instructions. Lucent reserves the right to modify or supplement its Opposition should Plaintiff seek to propose additional jury instructions.

I.    Plaintiff's Proposed Jury Instruction No. 2 (FMLA – Retaliation) at ¶ 3:

    A.    Plaintiff's Proposed Instruction:

       "First: Plaintiff asserted rights under the Family and Medical Leave Act by requesting leaves of absence on May 5-6, 2003 and July 7, 2003 to care for her daughter."

  B. <u>Defendant's Objection:</u>

Plaintiff improperly references her absence from work on May 5-6, 2003. In its Memorandum and Order dated October 30, 2006, this Court dismissed Plaintiff's claims for interference and retaliation under the Family and Medical Leave Act in connection with Lucent's denial of Plaintiff's FMLA leave request for her absence from May 5 to May 6 of 2003.

II. <u>Plaintiff's Proposed Jury Instruction No. 2 (FMLA – Retaliation) at ¶ 6:</u>

  A. <u>Plaintiff's Proposed Instruction:</u>

Concerning the first element, Plaintiff need not prove the merits of any FMLA claim, but only that she was acting under a good faith belief that her rights under FMLA were violated.

  B. <u>Defendant's Objection:</u>

Contrary to the Plaintiff's unsupported assertion, her belief that she engaged in protected activity under the FMLA does not make it so. <u>See, e.g.</u>, <u>Austin v. Haaker</u>, 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999) ("an employee must present specific evidence that he or she suffers from a serious health condition, and cannot rely on his own assessment of his health"); <u>Joslin v. Rockwell Int'l Corp.</u>, 8 F. Supp. 2d 1158, 1160-61 (N.D. Iowa 1998) (finding that an employee's own testimony that she was unable to work because of her illness was insufficient to prove that she was incapacitated).

If Plaintiff's FMLA interference claim fails, she cannot prevail on her FMLA retaliation claim because she will be unable to prove that she engaged in protected activity. <u>See</u> <u>Schmittou v. Wal-Mart Stores, Inc.</u>, No. Civ. 011763, 2003 WL 22075763 (D. Minn. Aug. 22, 2003); <u>Collins v. Merck-Medco RX Servs., of Texas, L.L.C.</u>, No. 300CV1852-X, 2001 WL

1142794 (N.D. Tex. Sept. 24, 2001); see also Nagy v. Tee Vee Toons, Inc., No. 03 Civ. 7838, 2004 WL 1059512 (S.D.N.Y. May 12, 2004); Evans v. Henderson, No. 99 C 8332, 2001 WL 109771 (N.D. Ill. Feb. 5, 2001) (denying plaintiff's retaliation claim because employee could not establish protected activity status for the care of his sick children, who had the chicken pox).

III.  Plaintiff's Proposed Jury Instruction No. 2 (FMLA – Retaliation) at ¶ 10:

    A.  Plaintiff's Proposed Instruction:

Ultimately, you must decide whether Plaintiff's request for leave on July 7, 2003 had a determinative effect on Defendant's employment decision. "Determinative effect" means that if not for Plaintiff's protected activity, the adverse employment action would not have occurred.

    B.  Defendant's Objection:

Defendant objects to this instruction because it again incorrectly assumes that requesting FMLA leave is protected activity. However, as stated above in response to Plaintiff's Proposed Jury Instruction No. 2 (FMLA – Retaliation) at ¶ 6, if the Plaintiff was not entitled to the requested FMLA leave, there was no protected activity and therefore no retaliation.

IV.  Plaintiff's Proposed Jury Instruction No. 3 (Serious Health Condition):

    A.  Plaintiff's Proposed Instruction:

The phrase a "serious health condition" as used in these instructions means an illness, injury, impairment or physical or mental condition that involves either (1) inpatient care in a hospital, hospice, or residential medical care facilities, or (2) continuing treatment by a health care provider (as defined in Instruction No. 4).

B.   Defendant's Objection:

Plaintiff's reference to inpatient care is unnecessary because Plaintiff has not alleged that her daughter required inpatient care. Plaintiff's reference to continuing treatment by a health care provider is incomplete because this type of serious health condition also requires a period of incapacity of more than three consecutive days.

## CONCLUSION

Based upon the foregoing, Lucent respectfully requests that this Court deny Plaintiff's Proposed Jury Instructions.

Dated:   January 30, 2006

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Evan J. Spelfogel
    Evan J. Spelfogel (BBO# 474440)
    Jamila A. Berridge (Admitted Pro Hac Vice)
250 Park Avenue
New York, New York  10177-1211
(212) 351-4500
Attorneys for Defendant